JOHN McELHANON *et al.*

*v.*

JOHN McELHANON, Assignee, etc., for the use of
Thomas J. LeCompte.

1. PARTIES TO AN ACTION—*whether they may appear both as plaintiffs and defendants.* The rule that a party can not be both plaintiff and defendant in an action—that it is an answer to an action, that a party is legally interested on each side of the question—will operate, although the party appears on one side in his *personal* and on the other in his *official* character.

2. A instituted a suit in chancery against B and obtained an injunction, giving to B his bond with security. Subsequently A, averring that he was the assignee of B in bankruptcy, brought an action of debt on the bond against himself and surety for the use of C, and upon default of the defendants, the plaintiffs' damages were assessed at $50. The declaration was regarded as insufficient to sustain the judgment rendered in the cause, for the reason that A appeared both as plaintiff and defendant.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. AMOS WATTS, for the plaintiffs in error.

Mr. THOMAS J. LECOMPTE, for the defendant in error.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

John McElhanon instituted a suit in chancery against James Hughes, and applied for an injunction. He was required to give a bond to Hughes in the penal sum of $500, with James M. McElhanon as his security. The bond was given, and now John McElhanon, averring that he is the assignee of Hughes in bankruptcy, brings debt upon that bond, against himself and surety, for the use of Thomas J. LeCompte. The default of defendants below was entered and

plaintiffs' damages assessed at $50, whereupon judgment was rendered in favor of plaintiff, for debt, $500, to be discharged upon payment of the damages. The case was brought to this court by writ of error, and the principal error assigned is the insufficiency of the declaration.

Chitty says that "it is an answer to an action that a party is legally interested in each side of the question. A party can not be both plaintiff and defendant in an action." 1 Chit. Pl. 40.

This rule will operate, although the party appears on one side in his *personal* and on the other in his *official* character. *Pearson* v. *Nesbitt*, 1 Dev. 315, 5 ib. 288; *Thompson* v. *Page*, 1 Metcalf, 565.

The judgment of the court below is reversed.

*Judgment reversed.*