REVILO OLIVER

*v.*

EDWARD R. OLIVER *et al.*

*Opinion filed February 17, 1899—Rehearing denied April 7, 1899.*

PRACTICE—*one cannot be both plaintiff and defendant in a suit at law.*
*Scire facias* cannot be maintained against the heirs of a deceased
person, including the plaintiff himself, to revive plaintiff's old judg-
ment against the ancestor and subject the lands inherited from him
to satisfaction thereof by levy and sale.

APPEAL from the Circuit Court of McLean county; the
Hon. COLOSTIN D. MYERS, Judge, presiding.

The following statement of this case is made by the
appellant in this court:

"This is a proceeding by *scire facias*, by Revilo Oliver,
appellant, against Edward R. Oliver and other heirs of
Franklin Oliver, deceased, and the tenants in possession
of the lands in question, and J. E. Brown, trustee, who
holds the lands in trust for the heirs of Franklin Oliver,
deceased, appellees. On the 14th day of February, 1881,
Revilo Oliver obtained a judgment in an action of as-
sumpsit in the circuit court of McLean county against
his father, Franklin Oliver, for the sum of $7789 and costs
of suit. An execution was duly issued upon the judgment
and returned no property found. After the return of the
execution Franklin Oliver died, his death occurring on
the 19th day of September, 1881, leaving him surviving
his heirs, as set forth in the writ of *sci. fa.*, and the other
defendants are tenants of the land except J. E. Brown,
who, as trustee, holds the title to the lands in question
without power of sale, for the use of the heirs of Frank-
lin Oliver. At the time of Franklin Oliver's death he
owned no real estate except as will be stated, and left
no personal property whatever. After his death letters
of administration were granted on his estate to Franklin
C. Oliver and Patrick H. Oliver, who did nothing with

the estate except to file an appraisement bill and a paper purporting to be an inventory and give notice for the probating of claims.   They received no assets, personal or real, and both of the administrators died in 1894.   In 1892 Florence Ross and other of the heirs of Franklin Oliver filed their bill in chancery in the Livingston circuit court against L. E. Payson and others, and such proceedings were had in that case that a decree was entered dismissing the bill, and the case was brought by writ of error to this court, and an opinion filed October 20, 1896, reported as *Florence Ross* v. *L. E. Payson*, 160 Ill. 349, where a full statement of the facts with regard to these lands will be found.   After said cause was remanded a decree was entered divesting L. E. Payson of the title to the lands in question, and by some arrangement the title was vested in George Torrance, trustee for the heirs of Franklin Oliver, deceased.   On his subsequent resignation of the trust, J. E. Brown was appointed his successor in trust.   *   *   *   The whole question arises on the ruling of the court in quashing the writ of *sci. fa.*, and the whole question involved is presented by the writ and motion to quash, and the reasons assigned in the motion fully state the position of appellees and the writ of *sci. fa.* states the position of appellant."

TIPTON & TIPTON, and H. P. BEACH, for appellant.

HENRY H. McDOWELL, *pro se* and counsel for appellee Edward R. Oliver.

EZRA M. PRINCE, and CHARLES L. CAPEN, for the other appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

The writ of *scire facias* stands also as a declaration, and it is therein alleged that the said Franklin Oliver, against whom the original judgment was rendered, "died

intestate, seized of an equitable estate in certain lands in the county of Livingston," (describing them,) which descended in fee simple to his heirs-at-law (naming them) and making them parties defendant to the writ, and among them is the plaintiff in the writ, Revilo Oliver. The writ is in the same general form as the one set out in *Scammon* v. *Swartwout*, 35 Ill. 326, and its purpose was to subject the lands to levy and sales on execution to satisfy said judgment when revived.

One of the grounds urged for quashing the writ was that Revilo Oliver was both plaintiff and defendant in the proceeding. As one of the heirs of Franklin Oliver, the deceased judgment debtor, he inherited an interest in the lands, and was made a party defendant, and he was, of course, plaintiff in the proceeding to revive his judgment and subject said lands to its satisfaction by levy and sale. This is a suit at law, and the plaintiff can not maintain it against himself although he is included with others. A party cannot sue himself at common law, and we have held that this rule applies even where the party appears on one side in his personal and on the other in his official character. *McElhanon* v. *McElhanon*, 63 Ill. 457; 17 Am. & Eng. Ency. of Law, 497, and notes.

This question disposes of the case. It may, however, be remarked that the question of appellant's right to have his judgment satisfied from the lands in question is involved in other proceedings in equity from which appellant has taken two appeals to this court, which have been argued and submitted with this case.

The judgment must be affirmed.

*Judgment affirmed.*