# CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

---

REVILO OLIVER *v.* JOHN F. OLIVER *et al.*

and

REVILO OLIVER *v.* JAMES OLIVER *et al.*

*Opinion filed February 17, 1899—Rehearing denied April 7, 1899.*

1. TRUSTS—*court may sell trust property without proceedings under Partition act.* A court of equity having charge of a trust estate pending distribution, may, if it becomes necessary to sell the same for the proper enforcement of the trust, order a sale thereof without proceedings under the Partition act.

2. APPEALS AND ERRORS—*one cannot complain of an error he has invited.* One who has asserted in his pleadings in a proceeding in chancery respecting certain lands, that the property in question was a trust estate which could not be divided by partition proceedings, which view is adopted by the court in its decree, is estopped to assign as error, on appeal, that the court should have proceeded under the Partition act.

3. ESTOPPEL—*when heir is estopped to assert adverse claim against other heirs.* One who has actively co-operated through years of expensive litigation with his co-heirs in recovering their common ancestor's estate, cannot be permitted, upon distribution, to first assert an alleged equitable lien upon the property, consisting of an unsatisfied judgment recovered by him years before against the ancestor but which was never a lien upon the land, and was never before asserted as an adverse claim.

APPEAL from the Circuit Court of Livingston county; the Hon. JOHN H. MOFFETT, Judge, presiding.

TIPTON & TIPTON, and H. P. BEACH, for appellant.

HENRY H. McDOWELL, *pro se* and counsel for appellee Edward R. Oliver.

EZRA M. PRINCE, and CHARLES L. CAPEN, for the other appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

These appeals by Revilo Oliver were taken from decrees entered by the circuit court in the same cause in chancery, were argued here together and will be considered together.

The original bill was filed in 1892, by Florence Ross and another, as heirs-at-law of Franklin Oliver, deceased, to set aside certain conveyances of land by said Franklin in his lifetime to Lewis E. Payson. The other heirs of said Franklin, including the appellant in these appeals, Revilo Oliver, were made defendants and answered the bill, and filed their cross-bill claiming interest and title to the property as such heirs, and praying, as in the said original bill, that said conveyances be set aside. The bill and cross-bill were, on the hearing, dismissed by the chancellor, but on error to this court the decree was reversed and the cause remanded, with directions to the court below to enter a decree in accordance with the views expressed by this court in the decision of the case. (See *Ross* v. *Payson*, 160 Ill. 349.) After the cause was re-docketed in the circuit court a decree was entered as directed, setting aside certain conveyances of real estate of said Franklin Oliver for 780 acres of land and requiring said Payson to account for certain rents and profits. There were certain claims which had been allowed against the estate of Franklin Oliver and other claims of differ-

ent parties affecting the interests of some, only, of the heirs, and it seems to have been thought advisable by all the parties in interest, and by the court, that the estate in litigation should be vested in a trustee. The court, therefore, in its decree, appointed one Torrence as trustee, and the decree provided that Payson should convey the lands in controversy to the trustee and that the title of the heirs should also be vested in such trustee, who was also authorized to collect and receive the rents and profits and all moneys to be accounted for by said Payson. The decree also provided for the filing of a supplemental bill for the division of the property among those found to be entitled. No appeal or writ of error was prosecuted to reverse that decree, and it remains in full force and effect. Afterward, on the 18th day of March, 1898, the supplemental bill was filed, the greater number of the heirs, including the appellant, joining as complainants, for a partition and division of the property, and later this bill was amended by striking out the names of the appellant and others as complainants and making them defendants to the bill. Thereupon such newly-made defendants demurred to the bill, and urged as the ground of demurrer that the title to the land was vested in one Brown (whom the court had appointed trustee to succeed said Torrence) as trustee, subject to the order of the court, and that said lands were not held by said heirs "in joint tenancy, tenants in common or coparcenary," and were not subject to partition. The bill was thereafter amended by alleging therein that the said entire estate was in the charge, custody and hands of the court, and by adding a prayer in the alternative that either partition be decreed, or, inasmuch as it was for the interest of all parties, that the said premises be sold under the order and direction of the court, either by said trustee, the master in chancery or some other discreet person to be appointed by the court, and upon such terms, conditions and requirements as the court should think proper,

and that such sale be reported to the court for its further action. The said demurrants, including appellant, then answered the amended supplemental bill, and among other defenses alleged that under the final decree setting aside the conveyances to Payson the title had been vested in a trustee appointed by the court, and that the whole estate was held in trust by him for the heirs of the said Franklin Oliver, and denied that the lands were held by the heirs as tenants in common or in joint tenancy or in coparcenary, and denied that they were subject to partition. The answer also denied the right of sale until the rights and interests of all the parties had been finally settled and determined, and then set up the alleged equitable lien of Revilo Oliver, the appellant, upon the said estate arising by virtue of a judgment for $7781 and costs, recovered by him against his father, Franklin Oliver, in the McLean circuit court on February 14, 1881, and averred that provision should first be made for the payment of said judgment, interest thereon and costs, before any partition or distribution should be made among the heirs. If was further alleged in the answer that the appellant had commenced proceedings by *scire facias* in the McLean circuit court, where the said judgment was rendered, to revive the judgment, and that they were still pending. (See *Oliver* v. *Oliver*, 178 Ill. 527, for the proceedings in and decision of that case.) Appellant also filed his intervening petition, in which he set up said judgment, and alleged that he caused execution to be issued upon it within one year after its rendition, and during the lifetime of Franklin Oliver, to the sheriff of Livingston county, where said lands were situated, and that the execution was returned "no property found," and that he thereupon filed a creditor's bill in the Livingston circuit court against said Franklin Oliver, during the pendency of which said Franklin died, and that he then filed a bill of revivor against his heirs, and obtained a decree in 1884 that said judgment was valid and binding against

the estate, the personal representatives and heirs-at-law of Franklin Oliver, deceased, and that one of such heirs, Franklin C. Oliver, was a party to such decree. The petition also alleged that he is advised that, for the reason that he is one of the heirs-at-law of Franklin Oliver, he cannot proceed successfully by *scire facias* to revive his judgment. It also alleged that by its decree the court took charge of the estate of Franklin Oliver, as it lawfully might, by vesting it in a trustee, and that thereby appellant was deprived of his right to proceed in the probate court, and that he could have no remedy at law because of the trust character of the estate. The court sustained a demurrer to the petition and dismissed it, and appellant prayed an appeal. Afterward the court entered a decree upon the hearing of the amended supplemental bill, finding that the estate in the hands of the trustee was a trust fund and trust property, and that it would be necessary to sell the lands so held by said trustee in order to administer the trust estate, but as the trustee had an interest adverse to some of the heirs, the master in chancery was ordered to make the sale according to the directions contained in the decree and to report to the court, and on approval the trustee to make deeds. From this decree appellant also appealed to this court, insisting that the decree deprived him of his freehold estate, and that the decree is erroneous, inasmuch as the proceedings were had under a bill for partition, and no commissioners were appointed to divide the property or to ascertain whether or not it was susceptible of division without manifest prejudice to the interests of the heirs, the owners.

Treating both appeals as one, and conceding that the effect of the decree would be to deprive appellant of his equitable interest in the land and so of a freehold estate, still we are of the opinion that appellant has not sustained his assignments of error that the court below erred in its decision of either of said questions. It appears

from his own allegations in his pleadings that the estate had been converted into a trust estate, and was in the hands of the court, pending its final distribution. If, therefore, it became necessary, in the enforcement of the trust, to sell, the court had the power to order the sale of the lands so held without proceedings under the statute in relation to partition. The case is distinguishable from *Coffin* v. *Argo,* 134 Ill. 276. Even if the decree was erroneous appellant could not be heard to complain, inasmuch as it was an error that he asked the court to commit. In his answer and intervening petition he alleged it was a trust estate or fund in the hands of the court, and could not be divided by bill for partition. When this view so urged upon the court was adopted and the sale ordered appellant changed his position, and now assigns for error here that the court did not proceed in accordance with the Partition act. This he cannot be permitted to do. *Smith* v. *Kimball,* 128 Ill. 583; *Cronk* v. *Trumble,* 66 id. 428.

Nor was there error in sustaining the demurrer to the intervening petition. The judgment sought to be enforced was not a lien upon the real estate in question and never had been. It was rendered in a different county from that in which the lands were situated; and besides, the lands had been conveyed away by the debtor before the judgment was rendered. The judgment had never been allowed by the probate court as a claim against the estate. He was defeated in his efforts by his creditors' bill and bill of revivor, set up in his petition, to have his judgment satisfied out of property which Franklin Oliver had transferred in his lifetime, and while the decree found that his judgment was a valid one, no lien upon the lands in controversy, afterward recovered, was created. The only basis, therefore, for the appellant's claim seems to be this: that inasmuch as he would necessarily be both plaintiff and defendant in the proceeding by *scire facias* in the circuit court of McLean county to revive the judg-

ment, that fact would deprive him of his remedy at law to subject the land to the satisfaction of such judgment, and that the court, by the consent or acquiescence of all parties, having impressed upon the estate the character of a trust and taken its administration into its own hands, he, appellant, was left without any remedy except the right to intervene in the proceedings in this case to establish his claim, which he insists was an equitable lien upon the property. Whatever equitable claim, under the facts mentioned, the appellant might have had, he must in equity be held to have lost or be estopped from now asserting because of opposing equities of the other parties in interest, which his own acts, as well as silence, helped to create. He was a party defendant to the original bill by which these lands were recovered by the heirs. That bill, after apt allegations respecting the right of the heirs to have the conveyances to Payson set aside, contained allegations also of the respective interests of such heirs. The appellant filed a cross-bill in that case, but neither in his answer nor cross-bill did he allege or mention his said judgment or his alleged equitable claim to have the same satisfied out of the estate sought to be recovered, or from any estate of said Franklin Oliver, deceased, nor did he deny that the interests of the heirs were as stated in the bill, but in and by his cross-bill sought the same relief prayed in the original bill. The litigation in that case was carried on for several years by the heirs at much expense, and it is very clear that by the plainest principles of equity appellant is now estopped from bringing forward his said supposed equitable demand to appropriate to himself the estate so recovered.

Other defenses against appellant's claim, of more or less force, have been urged by appellees, but deeming the one mentioned entirely sufficient to dispose of said claim we find it unnecessary to consider them.

The decrees will be affirmed.    *Decree affirmed.*