AUGUSTUS S. PEABODY, Appellant, *vs.* THE FOREST PRESERVE DISTRICT OF COOK COUNTY *et al.* Appellees.

*Opinion filed February 18, 1926—Rehearing denied April 9, 1926.*

1. PLEADING—*rule that pleadings are construed most strongly against pleader should not be applied without cause.* The rule that pleadings should be construed most strongly against pleader does not require that the words of the pleading should be wrested to the disregard of the obvious meaning of the language used.

2. FORESTRY—*Cook county commissioners and commissioners of forest preserve district act as separate bodies.* Cook county and the Forest Preserve District of Cook county are two distinct, independent municipal corporations though their territory is identical; and the county commissioners, in the performance of their duties as commissioners of the forest preserve district, are not officers of the county and in the performance of their duties as county commissioners are not officers of the district.

3. SAME—*Cook county commissioners, acting as such, cannot vote expenses of commissioners of forest preserve district.* Though the county commissioners of Cook county are also commissioners of the forest preserve district, their acts as county commissioners can have no effect as acts of commissioners of the district, and they are not authorized, as county commissioners, to adopt a resolution fixing a certain sum as the expenses of each commissioner in performing his duties as commissioner of the forest preserve district, and such resolution confers no authority to take any money from the treasury of the district, as it is not the act of the district.

4. FEES AND SALARIES—*compensation of county commissioner or forest preserve commissioner cannot be increased during term.* Under the constitution the compensation neither of the county commissioners nor of the forest preserve commissioners of Cook county can be increased or diminished during their terms of office, even though added duties be imposed on such officers during their terms.

5. SAME—*allowance for expenses of county officer in addition to salary is limited to actual expenses.* If the compensation of a county officer is to include both salary and expenses the officer is entitled to receive the entire sum, which cannot be increased or diminished during his term, but if his salary is fixed in one sum and another amount is provided for expenses, he is entitled to receive only his salary and an additional amount, not exceeding the amount specified, sufficient to compensate him for actual expenses shown to have been incurred; but the amount fixed for expenses may be lawfully changed during the term of office.

6. SAME—*allowance of fixed sum for expenses of Cook county forest preserve commissioners is not authorized.* The adoption of a resolution allowing a fixed sum in advance as expenses of the forest preserve commissioners of Cook county, payable semi-monthly to each commissioner, without regard to the amount of expense actually incurred by such commissioner, is merely a provision for additional compensation and is not within the constitutional authority of either the county commissioners or the district commissioners.

7. EQUITY—*equity will enjoin illegal diversion of public funds.* Equity will grant relief to a tax-payer by injunction against illegal diversion of the public funds.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

WALTER F. DODD, and W. R. MATHENY, for appellant.

ADOLPH D. WEINER, WILLIAM F. STRUCKMANN, HENRY A. BERGER, W. W. DEARMOND, and HAYDEN N. BELL, for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The superior court of Cook county, after a hearing upon the pleadings and a stipulation of facts, dismissed for want of equity a tax-payer's bill filed by Augustus S. Peabody against the Forest Preserve District of Cook County, its comptroller and treasurer and the president and members of the board of commissioners of the district, to enjoin the defendants from paying to each of the commissioners the

sum of $75 each half month as expenses, and for an accounting and return of such payments as each member had received. The complainant appealed from the decree. A temporary injunction which had been granted was continued in force during the pendency of the appeal.

The question is, Has the Forest Preserve District of Cook County the power to pay to each of the members of the county board of Cook county, as expenses incurred in exercising the powers and performing the duties of commissioners of the forest preserve district, a fixed annual amount in semi-monthly installments without reference to the amount of expense actually incurred by each commissioner?

The county and the forest preserve district are co-extensive, and therefore by section 3 of the Forest Preserve act the county commissioners are *ex-officio* forest preserve commissioners and are required to act without any other pay than their compensation as county commissioners. The salary of each county commissioner was fixed at $5000 a year and of the president at $9000 by a resolution adopted on November 29, 1918, which was vetoed by the president of the board and adopted over the veto on December 2, 1918. The commissioners were elected in 1922, and the term of their office is four years from December, 1922. At a meeting of the county board on June 3, 1924, a resolution was adopted which purported to fix the necessary expenses of each commissioner incurred in exercising the powers and performing the duties of commissioner of the forest preserve district at $1800 for the fiscal year 1924, and afterward, on the same day, the commissioners of the forest preserve district appropriated $27,000 for their expenses as forest preserve commissioners for 1924. Thereupon each of the commissioners received $750 for the period between January 1 and June 1, 1924, and $75 each half month thereafter until the filing of the bill on November 28, 1924, without any accounting of expenses.

Paragraphs 13 and 13*a* of the bill, 13 and 13*a* of the answer and 13 of the stipulation, about the effect of which there is difference of opinion and argument in the briefs, are as follows:

(*Bill*)—"13. Your orator further represents that such payments to the president and members of such board, amounting to one hundred and fifty dollars ($150) per month each from such commissioners' expense fund, have been made without the presentation of expense accounts and without any evidence of expenditure by such president and members of the board of forest preserve commissioners; and your orator is informed and believes, and on such information and belief states the fact to be, that such commissioners' expense fund has been and is being handled as a salary account, and as authority for the drawing and transmission of checks or warrants to the president and members of such board semi-monthly, without the necessity of further specific approval thereof by such board of forest preserve commissioners prior to each such payment.

"13*a*. Your orator further represents that as a matter of fact a forest preserve commissioner might expend money from his personal funds in the exercise of his official duties and functions for which he would be entitled to reimbursement from the treasury of the forest preserve district; that the said forest preserve commissioners may have so expended from their personal funds money for which they were during 1924 entitled to such reimbursement; but your orator is informed and believes, and on such information and belief states the fact to be, that such expenses do not amount to or equal the sum of $75 for each half month for each commissioner, or the sums received by each commissioner during 1924, as set forth herein.

(*Answer*)—"13. These defendants further say that it is true that such payments have been made without the presentation of expense accounts, but it is not true, as stated in the 13th section of said amended bill, that these payments

have been made without any evidence of expenditure. It is not true, as stated in the 13th section of the bill upon information and belief, that such expense fund has been and is being handled as a salary account. It is true, however, as stated in this section of the amended bill, that such expense fund is so handled as to serve as an authority for the drawing and transmission of checks or warrants to the commissioner defendants without the necessity of further specific approval thereof by the board prior to such payments. The commissioner defendants aver that these payments cover necessary expenses incurred by them as commissioners of Cook county in exercising the powers and privileges and performing the duties and functions of the commissioners of the Forest Preserve District of Cook County, and have been determined and paid as alleged in said bill, as admitted in this answer, for the reasons hereinafter more fully stated in section 16 of this answer.

"13a. These defendants further say that it is true, as stated in section 13a of the amended bill, that as a matter of fact the commissioner defendants might spend money from their personal funds in the exercise of their official duties and functions for which they are entitled to reimbursement from the treasury of the forest preserve district, and that the commissioner defendants not only may have but did during the year 1924 incur such expenses in excess of the amount taken from the treasury of the forest preserve district by them, as stated in the amended bill.

"The defendants further say that the allegation made in section 13a of the amended bill, to the effect that the complainant is informed and believes, and on such information and belief states the fact to be, that such expenses do not amount or equal the sum of seventy-five ($75) dollars for each half month for each commissioner or the sums received by each commissioner during 1924, as set forth in the amended bill, is not true in manner and form as therein made and alleged.

"The defendants further say that the amount fixed by the commissioner defendants for their expenses and taken by them was less than the necessary expenses incurred in the examination and purchase of lands for the district alone, leaving them nothing for the traveling necessary to manage and supervise the preserves of the district. This fact appears in the following self-explanatory correspondence:" [This paragraph of the answer then concludes with a letter from the acting president of the county board, addressed to the William Zelosky Company, setting forth a somewhat detailed statement of facts and asking for an estimate of the necessary expenses to inspect and consider for the purpose of purchasing one hundred tracts at a total cost of more than a million dollars, and a reply signed by the president of the company stating his opinion that the expense would be about three per cent and that the charge of $27,000 is reasonable. This correspondence is wholly irrelevant and is therefore omitted.]

(*Stipulation*)—"13. That all expenses incurred by each commissioner defendant in the period from January 1, 1924, to May 31, 1924, and in each half month for the period from June 1, 1924, to the filing of the bill of complaint herein, and for the total period from January 1, 1924, to the filing of said bill, were less than the amounts taken by each commissioner defendant for each of such periods, and that all expenses incurred by all of the commissioner defendants during each of said periods were less than the total of the amounts taken by all of the commissioner defendants in each of said periods if the commissioner defendants are not entitled, under the facts of this case, to charge into their expenses the market cost of automobile and other services in each case where their own means of conveyance was used; that it is understood that neither the defendants nor the complainant is to be bound under this stipulation as a question of fact as to whether at market prices the cost of such automobile and other services would

equal or exceed the amounts taken, but that the legal effect of this stipulation, at the hearing upon these stipulations, is not to be changed by this understanding."

It appears from the answer and stipulation that the general offices of the forest preserve district are in the court house; that the district at the beginning of 1924 consisted of 26,604.67 acres of land, scattered over a territory about eighteen miles wide, extending from the lake on the north west and around the city of Chicago, about fifty miles, to the lake on the south, at an average distance of twenty-five miles from the court house; that at the beginning of 1924 the district planned to complete its main preserves by filling in gaps left open during a prior period of acquisition, and in carrying out the plan during that year the district acquired more than one hundred tracts of land, amounting to 1515.83 acres, at a cost of $1,114,216.92. The manner of acquiring any tract was, that a plan committee, composed of seven commissioners and seven other citizens, first decided whether the tract should be included in the preserves or not. If it was decided to include the tract it then became the duty of the real estate committee, composed of six commissioners, to make a valuation as a basis for purchase or condemnation, and finally it became the duty of the whole board to decide the question of the acquisition of the land. It is apparent that the performance of the duties of the commissioners of the forest preserve district in 1924 required many miles of travel to inspect tracts of real estate and to qualify the commissioners to act advisedly with reference to acquiring them, and required more of some than of others. The commissioners were entitled to no compensation for their services of any character, but by the pleadings it is conceded on each side that they might expend their own money in the performance of their official duties, for which they would be entitled to reimbursement from the funds of the district.

The difference of opinion in regard to the paragraphs in the bill, answer and stipulation which has been mentioned, in part concerns the allegation of paragraph 13*a* of the bill on information and belief, that "such expenses do not amount to or equal the sum of $75 for each half month for each commissioner, or the sums received by each commissioner during 1924," and the statement in paragraph 13 of the stipulation, that "all expenses incurred by all of the commissioner defendants during each of said periods were less than the total of the amounts taken by all of the commissioner defendants in each of said periods if the commissioner defendants are not entitled, under the facts of this case, to charge into their expenses the market cost of automobile and other services in each case where their own means of conveyance was used." The appellees contend that the allegation in the bill is not that the expenses were less than the sum of $75 for each half month for each commissioner or the sums received by each commissioner during the year, but may as well be understood to mean that the expenses were not equal to those respective sums, and that it is consistent with the allegations that the expenses exceeded rather than were less than those sums. In regard to the stipulation, the appellees contend that the statement that all expenses incurred by each commissioner were less in amount than the amount taken if the commissioners are not entitled to charge into their expenses the market cost of automobile and other services in each case where the commissioners' own means of conveyance was used gives no indication that the discrepancy is not of so small an amount as to be negligible and unworthy of consideration, and so, the burden of proof being on the complainant, he failed to produce evidence to sustain the bill. There is no basis for these contentions. "Amount" is defined, "to reach in the aggregate;" "to rise or to reach by an accumulation of particular sums or quantities." (Funk & Wagnalls New Standard Dict.; Webster's New Int. Dict.) From the statement that all the

expenses incurred by each commissioner were less in amount than the amount taken if the commissioners are not entitled to charge into their expenses the market cost of automobile and other services in each case where the commissioner's own means of conveyance was used, it is fairly to be inferred that the charges for automobile and other services, where the commissioners' own means of conveyance were used, were of substantial amounts. The rule that pleadings should be construed most strongly against the pleader does not require that the words of the pleading should be wrested to the disregard of the obvious meaning of the language used. Paragraph 13*a* of the bill concedes that the commissioners have certain charges for which they should properly be reimbursed, but alleges that the amounts paid under the guise of expenses were more than could have been legitimately charged, and paragraph 13 of the stipulation concedes these facts.

The county commissioners are county officers; (*Wulff* v. *Aldrich,* 124 Ill. 591;) the forest preserve commissioners are not. The county and the district are two distinct, independent municipal corporations, though their territory is identical. The commissioners are not officers of the county in the performance of their duties as commissioners of the forest preserve district and are not officers of the district in the performance of their duties as county commissioners. (*Perkins* v. *Commissioners of Cook County,* 271 Ill. 449.) Though the same individuals were the commissioners of each corporation, their acts in their capacity as commissioners of one corporation had no effect as acts of the other corporation. The resolution of the county commissioners fixing $1800 as each commissioner's expense incurred in performing his duties as commissioner of the forest preserve district conferred no authority to take any money from the treasury of the forest preserve district. It was not the action of the forest preserve district. The appropriation of $27,000 for the payment of the expenses of the commis-

sioners was the act of the district and created a fund for the payment of expenses, but did not authorize its equal distribution, periodically, among the commissioners without regard to the amount of expense which each had incurred. The commissioners in receiving payment from the fund created by the appropriation, and the treasurer of the district in making the payments, have been appropriating the funds of the district without authority. By section 10 of article 10 of the constitution the county board is required to fix the compensation of all county officers, with certain exceptions, with their necessary clerk hire, stationery, fuel and other expenses, and it is provided that the compensation of no officer shall be increased or diminished during his term of office. By section 11 of article 9 it is provided that the fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office shall be increased or diminished during such term. Thus, the compensation neither of the county commissioners nor of the forest preserve commissioners can be increased or diminished during their term of office. Even the imposition of additional duties upon an officer during his term will not justify an increase of salary during his term. (*Kilgore* v. *People,* 76 Ill. 548; *Broadwell* v. *People,* id. 554; *Daggett* v. *Ford County,* 99 id. 334; *Foote* v. *Lake County,* 206 id. 185; *Parker* v. *County of Richland,* 214 id. 165; *Parker* v. *People,* id. 225; *Allen* v. *United States Fidelity Co.* 269 id. 234; *People* v. *Wabash Railway Co.* 281 id. 311.) If the compensation of a county officer, with his necessary clerk hire, etc., be fixed in one sum, to include both salary and expenses, the officer is entitled to receive the entire sum; but if his salary be fixed in one sum and another amount be provided for his expense, then he is entitled to receive only his salary and an additional amount, not exceeding the limitation, sufficient to compensate him for his actual expenses. In the latter case the amount fixed for expenses may be changed during the term of office

without violating the constitutional limitation. (*People* v. *Fuller,* 238 Ill. 116; *Cullom* v. *Dolloff,* 94 id. 330; *Briscoe* v. *Clark County,* 95 id. 309; *Jennings* v. *Fayette County,* 97 id. 419; *Coles County* v. *Messer,* 195 id. 540.) The payment of $1800 a year to each of the commissioners under the pretense that it is for expenses, with no reference to the amount of expense incurred, no claim presented, no audit made, no allowance of the particular items of expense by the commissioners or any authorized officer or employee, is merely additional compensation received by each commissioner without authority of law.

In *Cullom* v. *Dolloff, supra,* the compensation of the clerk of the circuit court had been fixed before his election in 1872 at $2500 a year and his necessary clerk hire at $4000 a year. In June, 1874, by a resolution of the county board it was determined that from July 1, 1874, only the necessary clerk hire of his office would be allowed instead of $4000, and in September it was resolved that after December 1, 1874, the allowance for clerk hire should in no case exceed the amount actually paid. In an action of debt on his bond the court allowed him $5000 compensation for two years and $8000 for clerk hire, and found that the county owed him $33.07, though it was admitted on the trial that Dolloff had not paid $4000 a year for clerk hire, and that after deducting the money he had paid for clerk hire, fuel, stationery and other expenses there remained from fees collected $1253.58. This court reversed the judgment, saying that the constitution controlled the question, and that two things are apparent from the constitutional provision: that the compensation should be unalterably fixed for the official term of the officer, and that for the clerk hire and expenses no more should be paid for clerk hire and expenses than was necessary, but, on the contrary, it was intended to effectually prohibit anything from being paid beyond what was actually necessary, and the county board was powerless to bind the county to pay more

than the clerk hire and expenses necessarily cost. It was said: "If permitted to retain what remains unexpended of the $4000 per annum for necessary clerk hire and expenses actually paid by him it would be an evasion of the plain meaning of the constitution. It would be paying what was unnecessary for expenses, and not only so, but by indirection giving the clerk compensation for services not rendered by him or anyone else. * * * To allow the clerk to retain this money would, we think, be a palpable violation of the constitution. It would be a clear evasion of its requirements. It would be an indirection that is not sanctioned in the administration of justice. The order allowing $4000 a year was not within the constitutional authority, and the order must be construed to conform to these fundamental provisions, and we must hold that this order fixing compensation and clerk hire, etc., only provides that the clerk should retain of the fees received the amount of his compensation and necessary clerk hire actually paid. With this construction it is in harmony with the constitution."

If the county commissioners, who are required by law to perform the duties of district commissioners without any other compensation than that fixed for their pay as county commissioners, receive either from the district or the county, or from both, $1800 a year or any other sum as expenses without reference to expenses actually incurred, this is a plain disregard of the constitutional provisions. A resolution to thus fix the amount of expenses in advance is not within the constitutional authority of either the county commissioners or the district commissioners.

The appellant contends that the forest preserve district has no right to pay to the individual commissioners, as a part of their expenses incurred in travel, the market or cost price of taxi service where such service was not, in fact, used or rendered but the commissioners used their own automobiles, and it is argued with much force that in view of the prohibition of section 3 of chapter 102 of the Revised

320—30

Statutes of 1874 against any person holding any office becoming interested in any contract or the performance of any work in the making or letting of which he may be called on to vote, and the similar rule of the common law as stated in *Sherlock* v. *Village of Winnetka,* 59 Ill. 389, a commissioner is not authorized to furnish such service to the district by means of his own instruments or materials and collect or receive pay for it; that the district could be liable in such case only by reason of an implied contract, which the commissioner is no more authorized to make than an express contract. Since all the payments made to the commissioners were without authority of law and must be restored to the district treasury, the question of the validity of any particular kind of claim is a mere moot question in this case, which will not be considered in advance of any official action of the forest preserve commissioners.

The audit of claims for expenses to be paid out of the $27,000 appropriated by the district commissioners is the business of those commissioners. No such claim has been audited, approved or allowed. No money has been paid upon any order made or authority given by the district but the money of the district has been taken from its treasury without authority of law. Equity will grant relief to a tax-payer by injunction against such illegal diversion of the public funds. *Miller* v. *Hale,* 308 Ill. 275; *Jones* v. *O'Connell,* 266 id. 443; *Burke* v. *Snively,* 208 id. 328; *Adams* v. *Brenan,* 177 id. 194; *McCord* v. *Pike,* 121 id. 288; *Colton* v. *Hanchett,* 13 id. 615.

The decree will be reversed and the cause remanded, with directions to enter a decree requiring the commissioners to refund to the district the payments which have been made to them and enjoining further payments to them except upon itemized bills for expenses actually incurred and audited by the forest preserve district commissioners.

*Reversed and remanded, with directions.*