Theodore Tanner as a Member of the Board of Fire
and Police Commissioners of the Village of Addi-
son, a Municipal Corporation of DuPage County,
Illinois, Plaintiff-Appellant, v. Allen Solomon and
James Norton as Members of the Board of Fire
and Police Commissioners of the Village of Addi-
son, a Municipal Corporation of DuPage County,
Illinois, Defendants-Appellees.

Gen. No. 64–3.

Second District.

April 23, 1965.

Walter C. Wellman, of Lyons, for appellant.

Hubert J. Loftus, of Addison, for appellees.

MR. JUSTICE MORAN delivered the opinion of the court.

This is a declaratory judgment action brought by the plaintiff in his capacity "as a Member of the Board of Fire and Police Commissioners of the Village of Addison, a Municipal Corporation of DuPage County, Illinois," against the other two members of the Board in their capacity as such members. The Complaint alleges that the defendants, over the protests of the plaintiff, appointed certain ineligible applicants to the Addison Police Force and placed the names of other ineligible applicants on the eligibility list for employment on the force.

Section 10–2–6 of the Illinois Municipal Code (Ill Rev Stats, c 24, § 10–2–6, 1963) provides that all applicants for a position on the police department of a municipality shall be under 35 years of age and shall be subjected to a competitive examination conducted by the Board of Fire and Police Commissioners prior to appointment. Section 10–2–14 of the Code provides that the Board shall keep an eligibility list of those applicants who have passed the examination. The

same section further specifies that a person's name shall be stricken from the list when he attains the age of 36 years, and that no person shall be inducted as a member of a police department after having attained the age of 36 years.

The complaint alleges that the defendants permitted two applicants who were 38 and 36 years of age to take the examination and that thereafter their names were placed on the eligibility list. It is further alleged that a third applicant was appointed to the force at the age of 39 years. Finally, it is alleged that a fourth applicant was appointed to the force without being given an examination. The complaint prays for a declaratory judgment that the two appointments were void and that the names of the two over-age applicants should be stricken from the eligibility list.

The defendants filed a motion to strike the complaint on the grounds that the plaintiff did not have a sufficient interest to maintain the action, that the complaint did not allege any direct damage to the plaintiff's person or property, that there was no genuine controversy between the parties, that the issues were moot, and that the actions of the defendants were administrative decisions reviewable only under the provisions of the Administrative Review Act. The trial court entered an order dismissing the complaint upon all of the foregoing grounds, and it is from this order that the plaintiff appeals.

The Defendants do not present any argument in support of their point that the issues are moot, and we do not believe that they are. Similarly, we do not see how it can be said that there is no actual controversy between these parties. From the allegations of the complaint, which we take as true for purposes of passing on the sufficiency of the pleading, it appears that the defendants have, over the protest of the plain-

tiff, made appointments to the police department and placed names on the eligibility list in clear contravention of the statute. As to the point that the action of the defendants is reviewable only under the Administrative Review Act, Ill Rev Stats c 110, § 264, et seq. (1963), we discern a similar lack of merit. This Act provides a procedure for judicial review of decisions reached in administrative hearings. In the instant case, there was no actual proceeding before the administrative agency, and certainly the plaintiff was not a party to any proceeding at the administrative level. It is not the result of an administrative hearing which is in issue in this case, but, rather, the conduct of two members of the agency, and we do not think the Administrative Review Act has any relevance to the situation.

When we consider the standing of the plaintiff to bring this action, however, we are confronted with a more difficult problem. There are cases in which it has been held proper for one agency of government to resort to the courts to resolve a controversy with another governmental agency. See, e. g., Hubbard v. Board of Trustees of Retirement System, 315 Mich 18, 23 NW2d 186 (1946); Chaffin v. County of Christian, 359 SW2d 730 (Mo, 1962). In the instant case, however, one member of a governmental body is suing the other members of that same body. The plaintiff has not called our attention to any case involving this kind of factual situation, and this appears to be a case of first impression in this State. In fact, our own research of the problem has failed to disclose a case in any jurisdiction which we regard as factually similar to this one. The plaintiff relies principally upon the case of Hubbard v. Board of Trustees of Retirement System, supra, and that, as we have noted, was a suit by one governmental agency against other agencies.

■ We are not troubled by the fact that the plaintiff has alleged no personal or pecuniary injury. In People ex rel. Sanaghan v. Swalec, 22 Ill App2d 374, 377, 161 NE2d 352 (1st dist 1959), it was held that a resident and property owner in a community had, by virtue of his interest in the quality of the police and fire departments, sufficient standing to bring a mandamus action against the Village Board of Trustees to compel appointment of a Board of Fire and Police Commissioners pursuant to the statutory requirement that such Board be established. We do not think that a mandamus action is distinguishable from a declaratory judgment action in this respect, and we think that a citizen, and property owner might well have sufficient standing to institute the present action simply on the basis of his interest in the efficiency of the police department. The plaintiff we have before us, however, does not appear in the capacity of an interested citizen. He brings the suit solely "as a Member of the Board." We are not altogether free of doubt in the matter, but, in view of the possible ramifications involved, we are of the opinion that considerations of public policy weigh against judicial interference in intra-agency disputes of this kind. Disagreements between members of the same board or agency as to the conduct of certain members, or as to whether particular acts or decisions are authorized, are not infrequent, and in a democratic society, it is neither surprising nor necessarily undesirable that such disputes should occur. We think it would not be a salutary thing for the courts to step in and resolve these disputes on the application of every minority member whose opinions, however legitimate and sincere, have been over-ridden by the majority.

We agree with the lower court that the plaintiff's interest as a member of the Board is not such as to

entitle him to bring this action, and, accordingly, the order of dismissal is affirmed.

Affirmed.

ABRAHAMSON, P. J. and CARROLL, J., concur.