(No. 57000.—)

RUSSELL DeSUTTER *et al.*, Appellants, v. THE SOUTH MOLINE TOWNSHIP BOARD *et al.*, Appellees.

*Opinion filed May 27, 1983.*

Winstein, Kavensky, Wallace & Doughty, of Rock Island (Franklin S. Wallace, of counsel), for appellants.

Stuart R. Lefstein, of Katz, McAndrews, Durkee,

Balch & Lefstein, P.C., of Rock Island (Tom M. Lytton, of East Moline, of counsel), for appellees.

JUSTICE SIMON delivered the opinion of the court:

This taxpayers' action seeking an accounting of expense allowances paid by the defendant, South Moline Township Board, to the township officers who are defendants requires us to consider the application and meaning of article VII, section 9(b), of the Illinois Constitution. It provides:

> "(b) An increase or decrease in the salary of an elected officer of any unit of local government shall not take effect during the term for which that officer is elected."

The question presented is whether expense accounts in a fixed amount, for which the recipient need not account, provided by a township board of trustees for officers of a unit of local government (supervisor, clerk and road commissioner of South Moline Township) before their terms of office commenced were precluded by this provision of our constitution. Put another way: Is such an expense allowance an increase in salary of the type prohibited?

This case, in which the plaintiff taxpayers challenge the right of South Moline Township to pay the officials the expense allowances in question, was tried without a jury in the circuit court of Rock Island County. The circuit court held for the plaintiffs, and the appellate court, with one judge dissenting, reversed (107 Ill. App. 3d 86). The circuit court reached its decision on the basis of a stipulation of facts and an undisputed admission contained in the defendants' affirmative defense. (See Ill. Rev. Stat. 1979, ch. 110, par. 40(2)), which provides "every allegation *** not explicitly denied is admitted ***.") Among the stipulated facts on which the circuit court relied were the following: Salaries and the expense accounts in question for the three officers were set by the township board on March 1, 1977, to become effective upon the election of the next board. The

election in which the township board and officers were elected was held on April 5, 1977. The newly elected officers and township board took office on April 25, 1977. The expense allowances provided in addition to the salaries for these officers were $200 per month for the supervisor, $800 per month for the clerk, and $100 per month for the road commissioner. At a meeting on April 11, 1978, the township board adopted a motion which provided travel expenses were to be itemized and reimbursed at the rate of 17 cents per mile, and a week later it adopted another motion which directed that expenses should be submitted every two weeks and paid once a month. On October 16, 1979, the township board adopted a motion which provided that "the lump sum allowances be reinstated" for the officers in question. The affirmative defense on which the circuit judge relied recited "that the township board upon setting the aforementioned expense accounts, intended them to be an increase in compensation for officers affected thereby." It is thus the defendants' position that the expense allowances were additional compensation provided for prior to their term of office and that they raise no problem under the constitutional provision. The text of the resolutions and motions adopted by the township board are not part of the record; the only information we have regarding them is what is contained in the amended complaint, the stipulation of facts and the affirmative defense.

The circuit court concluded that to construe the expense allowances as lump-sum expense accounts as opposed to ceilings on expenses would by indirection increase the compensation of the officers in violation of the Constitution. To avoid declaring the expense allowances set by the township board unconstitutional, the circuit court found that the allowances were intended not as lump-sum payments, but rather as ceilings upon actual expenses for which any of the officials could receive reimbursement during a monthly period. Its order required the officers to re-

pay the township all amounts received by them as expenses, and to submit verified statements of their actual and necessarily incurred expenses for which they could receive reimbursement to the amounts of the ceilings set prior to their election.

The appellate court held that the expense allowances were intended as additional compensation for the officers, but were not constitutionally objectionable because they had been approved by the township board prior to the term for which the officers were elected. Thus, according to the appellate court majority, they received no increase in their salaries during their terms. The appellate court was right.

We find no warrant in the record for viewing the lump-sum expense allowances as the circuit court did—that is, as ceilings upon expense reimbursements for which the officers were required to account. The affirmative defense, as well as the amended complaint, established that the expense allowances were to be paid regardless of whether any expenses were incurred. As noted above, the affirmative defense stated that the expense allowances were intended to increase the compensation received by the officers. The amended complaint contains no hint of any claim or theory being advanced by the plaintiffs that the township board intended that the lump-sum expense allowances were ceilings to be applied only against expenses actually incurred. On the contrary the amended complaint alleged that each of the officers received a monthly flat-rate sum in addition to his compensation, and that the flat-rate expense accounts were to be paid without any showing of what expenses were incurred and without justifying any expenses. That by its action on March 1, 1977, the township board intended that expense allowances were to be paid without the need for itemization and regardless of whether expenses were actually incurred is borne out by the motions adopted at the two meetings in April 1978 re-

quiring that thereafter expenses be itemized and submitted every two weeks for payment and a further change in October 1979 reinstating the "lump sum allowances."

The salaries of the officers and their lump-sum expense allowances were approved by the township board as part of the compensation of the officers to be elected before their terms took effect. It is therefore our judgment that the "lump sum allowances," even though labeled as expense allowances, were additional salary or compensation for the officers and did not conflict with the constitutional prohibition.

The only constitutional violation which appears to have occurred was in connection with the replacement of the lump-sum expense allowances in April 1978, during the terms of office of the officers in question, by a system requiring the officers to account for their mileage. To the extent that this change reduced or increased the amount payable to the officers each month, the change took effect during their term and violated article VII, section 9(b), of the Constitution, thereby rendering the action invalid. The plaintiffs do not, however, take issue with this change but question the later change of October 1979. This action, reinstating the lump-sum allowances, did not conflict with the Constitution, for it did nothing more than restore the unobjectionable allowances which had taken effect in 1977 upon the commencement of the term of the officers. Since the net effect of the 1978 and 1979 enactments was to preserve the pre-election status quo, we will not hold the latter enactment invalid even though it would not, by itself, survive constitutional scrutiny had it not been preceded by the identical resolution adopted prior to the start of the term of office.

The dissenting opinion of the appellate court advanced a theory which has not been urged upon us by the plaintiff taxpayers in this court. It is that to the extent the lump-sum expense allowance was not fully used by an officer in

any monthly period to defray his expenses, the officer's compensation in that month was increased. However, whether all of the expense allowance, part of it, or none of it was in fact used by the officer in performing his duties is immaterial so long as there was no requirement that the officer account for what he spent or for that matter whether he spent any part of it on account of his work; as we have explained above, nothing in the record before us supports the conclusion that the township board imposed any such requirement.

The plaintiffs rely on two earlier decisions of this court, *Peabody v. Forest Preserve District* (1926), 320 Ill. 454, and *Cullom v. Dolloff* (1880), 94 Ill. 330. *Peabody* is not relevant because the compensation for the forest preserve commissioners was fixed in 1918, the commissioners in question took office in 1922 to serve a four-year term, and a lump-sum expense allowance was granted to them by resolution adopted in 1924 which obviously came into effect during their term of office. We do not regard *Cullom* as a persuasive precedent because the constitutional requirement that the compensation paid to officers of local government be "a reasonable compensation for *services actually rendered*" (emphasis added) (Ill. Const. 1870, art. X, sec. 12), on which the *Cullom* court relied, no longer appears in our constitution (see Ill. Const. 1970, art. VII, sec. 9). In addition, the resolution involved in *Cullom* and adopted prior to the start of the defendant's term of office fixed an amount for "necessary" clerk hire. Limiting the amount to be paid to what was "necessary" for clerk hire was construed in *Cullom* to provide only for amounts which were actually expended by the officer in question for employing clerks. Moreover, the provision of the 1870 Constitution which was applicable at that time, unlike the 1970 constitutional provision on which plaintiffs rely, authorized the county board only to fix the amount of necessary clerk hire which was to be paid out of fees collected.

By contrast, the resolution with which we deal in this case did not provide for reimbursement only for "necessary" expenses.

Plaintiffs argue that as a matter of policy it is not permissible to call a payment to an officer an expense allowance if it is actually intended as additional compensation. This is a policy argument which has no constitutional foundation. We find no constitutional prohibition against the payment of additional compensation to the defendants by means of unconditional lump-sum expense allowances, so long as they were established before the defendants entered upon their terms of office, as was the case here. Accordingly, the plaintiff taxpayers are entitled to neither an accounting nor an injunction prohibiting payment of the expense allowances.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*