32

HOWARD M. HUME *et al.*, Plaintiffs-Appellants, v. THE TOWN OF BLACKBERRY *et al.*, Defendants-Appellees.

Second District  No. 84—0047

Opinion filed February 21, 1985.

Charles H. Atwell, Jr., of Atwell & Atwell, of Aurora, for appellants.

Charles A. Radovich, of Radovich & Radovich, of Geneva, and Robert J. Britz, of McClow & Britz, of Elburn, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiffs brought this action against defendants for declaratory judgment that the expense allowances paid to the township officers, without an accounting for expenses actually incurred, were contrary to law and sought reimbursement to the township of the sums so paid. The trial court granted defendants' motion to dismiss plaintiffs'

amended complaint and they appeal, contending the court erred in dismissing Howard Hume as a party plaintiff for lack of standing, and in determining, as a matter of law, that the expense allowances were additional compensation to the officials which was not subject to an accounting.

Plaintiffs' complaint alleged, *inter alia*, that certain officers of Blackberry Township have received from the township a fixed sum of money for expenses each month which were unsupported by voucher or itemization and constitute a flat rate expense account: that the monthly flat rate expense allowances have been paid to these officers by resolution of the township board without reference to expenses actually incurred and without requiring the expenses be supported by documentation. The complaint further alleged that the approval and payment of the flat rate expense accounts without an accounting requirement as to expenses actually incurred was contrary to the provisions of sections 4 and 5 of article XIII of "An Act to revise the law in relation to township organization" (hereinafter Township Act) (Ill. Rev. Stat. 1981, ch. 139, pars. 120, 121). And, further, that the payment of such flat rate expense accounts without accounting for expenses incurred was, in effect, an increase in salary of these elected officials during their terms of office, contrary to section 17 of article XIII of the Township Act (Ill. Rev. Stat. 1981, ch. 139, par. 126.7) and to article VII, section 9(b) of the Illinois Constitution.

The complaint also alleged that at a meeting of defendant Blackberry Township Board held November 13, 1981, plaintiff, Howard Hume, who was a township trustee, advised the board it was improper for it to permit lump sum payment for expenses without an accounting by the recipient. Thereafter, at a meeting of the board held December 15, 1981, it adopted a resolution purporting to clarify the action taken at the annual town meeting of March 31, 1981, in which salaries of the incoming town officers and their expense allowances had been fixed in separate categories of salary and expenses. The resolution, which is made a part of plaintiffs' complaint, provided that the separate sums originally listed for salary and for expenses will be "clarified and corrected to provide for total compensation under the single caption and name of Salary rather than being divided into two separate categories of Salary and Expenses." The resolution further provided that in addition to the "total compensation" now designated as salary, all township officials may be reimbursed for the actual expenses incurred in their positions.

The plaintiffs' complaint also alleged that the conduct complained of was a violation of the public trust without authority of law, for

breach of which fiduciary duty to plaintiffs, defendants are required to account for any diversion of public funds.

Defendants' motion to dismiss the complaint alleged, *inter alia*, that plaintiff, Howard Hume, should be dismissed as a party plaintiff, as he was a trustee of Blackberry Township, and also that the complaint failed to state a cause of action. The motion was granted and plaintiffs appeal.

## I

■■ ■ We consider first whether Howard Hume was correctly dismissed as a party plaintiff on the grounds he was a member of the defendant township's board of trustees.

Both parties rely on this court's decision in *Tanner v. Solomon* (1965), 58 Ill. App. 2d 134, 206 N.E.2d 528, in which plaintiff Tanner, in his capacity as a member of a village board of fire and police commissioners, sought declaratory judgment against the other two members of the board after a disagreement over appointments to the police department. Because Tanner's interest was solely as a dissident board member complaining of the other members' conduct, this court considered that public policy weighed against judicial interference in an essentially intra-agency dispute and affirmed his dismissal as plaintiff. In doing so, however, this court noted that an interested citizen or property owner would have standing in the action, but that Tanner did not seek to sue in those capacities. In the present case, however, plaintiff Hume did not bring the action as a member of the township board; rather, he was identified in the complaint as an individual citizen who was a taxpayer and resident of Blackberry Township.

In our view, the fact Hume was also a member of the defendant township board would be violative of the rule that a party may not be both plaintiff and defendant in an action. Our early supreme court held that this rule operates although a party appears on one side in his personal capacity and on the other in his official character. *McElhanon v. McElhanon* (1872), 63 Ill. 457; *Oliver v. Oliver* (1899), 178 Ill. 527, 529, 53 N.E. 303; compare 59 Am. Jur. 2d *Parties* sec. 6 (1971).

We conclude plaintiff Hume was properly dismissed as a party and note defendants do not challenge the right of the other individual plaintiffs to bring this action.

## II

■■ The primary issue of this case is whether the trial court correctly dismissed the complaint on its finding that the expense allow-

ances in question were additional salary or compensation of the officials for which they need not account.

In making its ruling, the trial court relied upon *DeSutter v. South Moline Township Board* (1983), 96 Ill. 2d 372, 449 N.E.2d 1355, which it found to be controlling. While *DeSutter* is helpful to the resolution of the issues presented by plaintiffs' complaint, it is not dispositive, as the facts differ. The court in that case held that a lump-sum expense account, if established prior to commencement of an official's term of office and intended as additional compensation, would not conflict with article VII, section 9(b) of the Illinois Constitution, which provides:

> "An increase or decrease in the salary of an elected officer of any unit of local government shall not take effect during the term for which that officer is elected." (Ill. Const. 1970, art. VII, sec. 9(b).)

Unlike the present case, it was necessarily determined from the pleadings, stipulations and admissions of record in *DeSutter* that in fixing the salaries and expense allowances of the officers, to become effective upon their election, the township board intended to thus increase the compensation of the officers which was to be paid regardless of whether any expenses were incurred. (*DeSutter v. South Moline Township Board* (1983), 96 Ill. 2d 372, 375, 449 N.E.2d 1355.) As the officers' compensation was clearly not increased during their terms of office, the court concluded the constitutional proscription was not violated.

In this case, however, plaintiffs have not admitted or stipulated that the township board, when fixing salaries and the separate expense allowances for town officers at the meeting held March 31, 1981, intended both funds to constitute compensation to the officers. And, plaintiffs' complaint alleges that the expense allowances fixed by the township board at that meeting were for expenses which were subject to the auditing requirements of the Township Act.

The resolutions or ordinances adopted by the township board on March 31, 1981, in establishing the salaries and expense allowances are not found in the record; they may well constitute the best evidence of the intentions of the township board. We do not consider the subsequent resolution adopted by the township board, during the terms of the officers in question, to be dispositive of the intent of the previous township board. To the extent that it may be considered as self-serving, the clarifying resolution would be entitled to little weight. That resolution also appears to provide for payment for the same expenses of the township officers to which the allowances made

in the earlier documents were apparently directed.

A motion to dismiss a complaint under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615) admits as true all well pleaded facts of the complaint, together with all reasonable inferences which may be drawn from them. (*O'Fallon Development Co. v. City of O'Fallon* (1976), 43 Ill. App. 3d 348, 351, 356 N.E.2d 1293.) We consider the trial court misplaced reliance upon the limited scope of the ruling in *DeSutter v. South Moline Township Board* (1983), 96 Ill. 2d 372, 449 N.E.2d 1355. It may not be determined from the record before us that the disputed expense allowances were, in fact, additional compensation awarded to the township officers prior to commencement of their terms of office. If in the further proceedings which are required it is determined that the allowances were, indeed, intended as compensation, then *DeSutter* will apply, and the auditing requirements of the Township Act would not be applicable. Necessarily, the converse will be true should the status of the expense allowances be found not to have been intended as compensation when established by the township board in the March 31, 1981, meeting.

Accordingly, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

LINDBERG and REINHARD, JJ., concur.