FIFTH DIVISION
July 27, 2007

No. 1-06-1724

THE CITY OF CHICAGO, a municipal      )      Appeal from the
corporation,                          )      Circuit Court of
                                      )      Cook County.
            Plaintiff-Appellant,      )
                                      )
v.                                    )
                                      )
BEYTHEL OUTCAST CHURCH, n/k/a Beth-El )
All Nation Church of God in Christ;   )
REVEREND EDGAR JACKSON; and UNKNOWN   )
OWNERS and NONRECORD CLAIMANTS,       )
1534-40 West 63rd Street, Chicago,    )
IL 60629,                             )      Honorable
                                      )      Ann Houser,
            Defendants-Appellees.     )      Judge Presiding.


        JUSTICE GALLAGHER delivered the opinion of the court:

        Plaintiff, the City of Chicago (City), appeals from the

trial court's dismissal of the City's amended complaint against

defendants, Beythel Outcast Church and Reverend Edgar Jackson

(Church), for lack of jurisdiction over the City as a defendant.

On appeal, the City asserts the trial court erred in ruling that

the City needed to name itself as a defendant in its own

complaint.  We reverse.

        The Church has not filed a response brief; however, we may

proceed under the principles addressed in First Capitol Mortgage

Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 133 (1976).

In a previous opinion, we explained the manner in which the City obtained title to the property located at 1534 West 63rd Street in Chicago, Illinois (Property). City of Chicago v. Beth-El All Nations Church of God in Christ, No. 1-04-0364 (July 31, 2005) (unpublished order under Supreme Court Rule 23). The Church was previously the registered owner of the Property; however, state and county records indicated no taxes had been paid on the Property from 1986 through 1995. Cook County acquired the Property in 1997 and assigned its rights in the Property to the City in 1998. The City also obtained a tax deed to the Property in 1998.

Although the City held title to the Property, the Church remained in possession. The Property operates as both a church and a retail furniture store.

On August 27, 2004, the City filed a complaint against the Church, alleging the Property, which the Church "owned, maintained, operated, collected rents for, or had an interest in," was in violation of the Chicago Municipal Code (Code). The City alleged building code violations for (1) problems with ornamental projections;(2) washed-out mortar on a parapet; (3) pealing paint on exterior wood; and (4) loose or missing paint on window panes. The City also alleged the building was dangerous.

In addition, the City sought fines of $2,000 for each day that violations existed, injunctive relief, appointment of a receiver to bring the Property into compliance with the Code, and other relief if necessary.

On October 22, 2004, the City filed an amended complaint, adding several Code violations for (1) loose and bulging stone work; (2) an improper flue pipe; (3) the close proximity between the flue pipe and wall; (4) lack of light bulbs in exit signs; (5) lack of carbon monoxide detectors; (6) peeling paint; and (5) a loose sash and missing putty from window panes. The City also requested fines of $5,500 per day and an additional $15,966.40 for costs incurred from the installation of protective canopies.

On December 3, 2004, the Church filed an answer, denying ownership of the Property. The Church also claimed that the violations had been corrected or were in the process of being corrected. The Church raised a counterclaim that the City illegally took title to the Property through a tax deed proceeding, interfered with the Church's ability to borrow money against the Property, and conducted unwarranted inspections to interfere with the Church's quiet title.

On June 17, 2005, the trial commenced and Sam Clark, a City building inspector, testified regarding the condition of the

Property.  He also testified that at his inspection of the Property on December 2, 2004, young church members or students were present.  On September 19, 2005, the court ordered the parties to submit briefs addressing whether the court had proper jurisdiction over all necessary parties.

On October 19, 2005, the City filed a memorandum of law arguing that the City, the Church and Reverend Edgar Jackson were the only necessary parties and had all been joined to this action.  The City also asserted its interests were fully represented by virtue of the City's presence in the case as a plaintiff, and therefore, it was unnecessary to add itself to the case as a defendant.  The City further asserted that it was not required to sue itself.  The record does not indicate that the Church submitted a brief.

On February 27, 2006, the court ruled that it did not have jurisdiction over all necessary parties because the City had not been joined as a defendant.  The court also found that as a property owner, the City had some responsibility to address violations.  The court struck the City's complaint and granted the City 60 days to file an amended complaint.

On May 2, 2006, the City filed a "memorandum of law and objection to February 27, 2006 Ruling and Order," asking the

court to reconsider its order.  The City again asserted that the trial court had jurisdiction over all necessary parties and that the City was not required to name itself as a defendant in its own complaint.

On May 22, 2006, the trial court denied the City's motion to reconsider its order and dismissed the action because the City failed to file an amended complaint as directed by the court's order.

On June 14, 2006, the City filed a notice of appeal from the trial court's order dismissing the action.

On appeal, the City asserts that the trial court erred in ruling that it lacked jurisdiction because the City failed to name itself as a defendant in its own complaint.  Further, the City correctly concedes that it was necessary for the City to be a party in this action, but asserts that bringing its claims as a plaintiff satisfied that requirement.  In addition, the City contends that assuming it had some responsibility to correct Code violations, the Church could have asserted joint liability with the City in its counterclaim.

A necessary party must be joined in an action or an order entered without jurisdiction over that party is void. Yorulmazoglu v. Lake Forest Hospital, 359 Ill. App. 3d 554, 561

1-06-1724

(2005), citing <u>Schnuck Markets, Inc. v. Soffer</u>, 213 Ill. App. 3d 957, 982 (1991). A necessary party is one whose presence in an action is required to (1) protect that party's interest in the controversy which would be materially affected by a judgment entered in her absence; (2) protect the interests of the parties before the court; or (3) enable the court to completely determine the controversy. <u>Caparos v. Morton</u>, 364 Ill. App. 3d 159, 175 (2006). However, an absent party is not required to be joined when a party in the action effectively protects the absent party's interests under the doctrine of representation. <u>Caparos</u>, 364 Ill. App. 3d at 176. Although provisions of the Code of Civil Procedure address the need to join parties to an action, none require a plaintiff already in an action to be joined in the action again as a defendant. See 735 ILCS 5/2-404 through 2-407 (West 2004). Furthermore, this court has held that "a party may not be both plaintiff and defendant in an action." <u>Hume v. Town of Blackberry</u>, 131 Ill. App. 3d 32, 34 (1985).

Here, the City's presence in this action as the plaintiff was adequate. The City, as plaintiff, sufficiently protected its own interest in this controversy. Naming itself as a defendant would not enable the City to protect its interests anymore effectively.

1-06-1724

We agree with the City that the Church's interests were also protected because the Church was free to assert joint liability with the City or raise other defenses against it.  In addition, we find no reason why the trial court was not able to completely adjudicate the controversy with the City present in this action as the plaintiff.  Furthermore, the City could not be both the plaintiff and defendant.  Hume, 131 Ill. App. 3d at 35.  Finally, although the Code does state that the owner of the property "shall be liable" for violations, the Code does not state that the City is required to sue all parties with liability, including itself as an owner.  Chicago Municipal Code, §13-12-020 (2000).  As noted, the Church was free to raise the issue of the City's liability in a counterclaim, which it filed.

For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings.

O'BRIEN, P.J., and O'MARA FROSSARD, J., concur.