LYLE L. ANDERSON, Plaintiff-Appellant, *v.* JOHN PANOZZO d/b/a John Panozzo's Produce and Florist Market, Defendant-Appellee.

Third District   No. 78-294

Opinion filed April 26, 1979.

Jerry B. Lucas and Michael R. Berz, both of Kankakee, for appellant.

Samuel H. Shapiro and Ackman, Marek, Boyd and Simutis, Ltd., both of Kankakee, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Plaintiff Lyle Anderson appeals from an order of the Circuit Court of Kankakee County which granted summary judgment in favor of defendant John Panozzo in a negligence action instituted by Anderson. The trial court in the cause, after a full review of the record, determined that there was no genuine issue of material fact and that Anderson was an employee of Panozzo at the time of the incident which gave rise to the negligence action. As an employee of Panozzo, the only remedy which Anderson would have as against his employer would be under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.5(a)). Anderson, on his appeal, alleges that an issue of fact was presented on the question of whether or not Anderson was an employee of Panozzo.

Defendant properly observes, based on the record, that nowhere in his complaint or deposition or the counteraffidavit does the plaintiff deny that he was an employee of Panozzo, nor does he assert that he was an independent contractor. Defendant points out that plaintiff merely argues that the facts presented to the court fail to show, as a matter of law, that Anderson was an employee.

At the time of plaintiff's accident, he was burning boxes or trash which contained aerosol cans which exploded, causing plaintiff's injuries. This was a procedure which Anderson had undertaken previously, but apparently no aerosol cans were in the trash which was being burned, previously.

Although appellant makes rather intensive efforts to assert that a disputed material factual matter exists in this cause, we find no real dispute as to the facts on the relevant question before this court. We believe that the trial court acted properly and in accordance with the record in the cause.

■■ The fact that an issue is stated in the pleadings does not preclude the entry of summary judgment where there is no really disputed material fact (*St. Louis Fire & Marine Insurance Co. v. Garnier* (3d Dist. 1960), 24 Ill. App. 2d 408, 164 N.E.2d 625, 630), or only conclusions, and not disputed facts, are asserted by a party. Affidavits and counteraffidavits before the court on the motion for summary judgment clearly established

that Anderson was an employee of Panozzo, on December 31, 1975, when Anderson was injured while working at the Produce and Florist Market which was owned and operated by defendant Panozzo.

The record establishes that Anderson had worked for Panozzo, at the market, for a year and a half. Anderson's work there was part-time, usually a couple of days a week, for two or three hours after his regular full-time job with the State of Illinois Highway Department. The part-time arrangement was largely informal and Anderson kept his own time as he had no set hours. He was not paid by the job, but by the hour. Anderson was paid $2 per hour, in cash, at the end of the day. He did a variety of jobs for Panozzo, including stocking, cleanup, deliveries and some attending to customers. Anderson worked when Panozzo needed him and wanted him to work. Panozzo told Anderson what to do. The evidence before the court also established that in 1975, Anderson had claimed $265 in wages from Panozzo, as an employee of Panozzo, on Anderson's income tax return. No tax was withheld as to Anderson's pay and no Social Security deductions were made by defendant.

The record also indicated that Anderson had filed a claim for workmen's compensation as a result of the accident, in which he stated that he was an employee of Panozzo. That claim has been stayed, pending the outcome of the current civil action. It is also apparent from the record before the court, that both parties to the action believed that Anderson was an employee of Panozzo.

■■■ Section 1(b)(2) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1(b)(2)) defines an "employee" as:

"Every person in the service of another under any contract of hire, express or implied, oral or written * * *."

Also clearly established are the criteria for determining the existence of an employer-employee relationship. In *Clark v. Industrial Com.* (1973), 54 Ill. 2d 311, 314-15, 297 N.E.2d 154, the Illinois Supreme Court states:

" 'No single facet of the relationship between the parties is determinative, but many factors, such as the right to control the manner in which the work is done, the method of payment, the right to discharge, the skill required in the work to be done, and the furnishing of tools, materials or equipment have evidentiary value and must be considered. [Citation.] Of these factors, the right to control the work is perhaps the most important single factor in determining the relation, [citation] inasmuch as an employee is at all times subject to the control and supervision of his employer * * *.' "

In the instant cause, there is no doubt that the evidence firmly demonstrated that Panozzo had the right to direct and control the work of Anderson and that Panozzo did so. While he did not direct Anderson as to

which streets were to be taken when Anderson made deliveries or that he did not continually supervise Anderson when he performed his other simple duties, does not in any manner indicate that Anderson had the right to control. It is the right to control the work, not the actual exercise of the right to control, which is important. (See *VanWatermeullen v. Industrial Com.* (1931), 343 Ill. 73, 174 N.E. 846.) The affidavits on file indicate that Panozzo had the right to control the work. The fact that Anderson sometimes used his own pickup truck does not, necessarily, indicate the contrary, and, in the present case, such fact is of no significance in view of the overwhelming evidence of the employer-employee relationship.

■■■ In addition to the evidence as to the right to control, the method of payment of wages indicates an employee status. (*Henry v. Industrial Com.* (1952), 412 Ill. 279, 106 N.E.2d 185.) The nature of Anderson's work with Panozzo also indicates an employee status, since it required no particular skill. It is clear that Anderson was working in Panozzo's trade or business and not his own distinct trade, which is another indication of employee status. (*Martin v. Kralis Poultry Co.* (5th Dist. 1973), 12 Ill. App. 3d 453, 297 N.E.2d 610.) While there was no direct statement showing that Panozzo had the power to discharge, it was certainly clear that he had the power to control and direct and to hire, and it must certainly be implied, under the facts and circumstances presented, that he had the power to discharge. All of the evidence, as noted by the trial court, and viewed in its entirety, reveals no dispute as to any material fact and also reveals clearly that Anderson was an employee of Panozzo on the day he was injured. A contrary conclusion on the evidence presented would not be reasonable.

■■ In view of the lack of a factual dispute on a material issue, and the conclusiveness of the evidence on the question of the employment status of Anderson, we conclude that the trial court properly entered summary judgment for defendant Panozzo in this case. Ill. Rev. Stat. 1977, ch. 110, par. 57.

For the reasons stated, therefore, we find no error in the judgment of the trial court or in the failure of the trial court to grant plaintiff's motion to strike defendant's motion for summary judgment. Supporting factual material, much of it from Anderson's own affidavit, was sufficient and properly considered by the court in support of the judgment entered by the trial court. The judgment of the Circuit Court of Kankakee County is, therefore, affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.