MICHIGAN-CHESTNUT LIMITED PARTNERSHIP *et al.*,
Plaintiffs-Appellants, *v.* EDWARD J. ROSEWELL, Cook County Collector,
Defendant-Appellee.

First District (2nd Division)    No. 81-104

Opinion filed January 26, 1982.

McCracken & Walsh, of Chicago (Thomas J. McCracken, Jr., of counsel), for appellants.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey, Thomas J. McNulty, and Randye A. Kogan, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:
Plaintiffs, Michigan-Chestnut Limited Partnership and Federated

Department Stores, Inc., appeal from the trial court's order granting summary judgment to defendant, the county collector of Cook County, and denying summary judgment to plaintiffs on their complaint which sought a refund of $2,490.98 in interest assessed by the collector to the unpaid portion of the first installment of plaintiffs' real estate tax bill for 1974. The question presented for our review is whether there was a genuine and material issue of fact regarding the constitutionality, as applied to plaintiffs, of certain provisions of sections 224 and 224.1 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, pars. 705, 705.1). For the reasons which follow we affirm the judgment of the trial court.

Under the terms of a lease with plaintiff Michigan-Chestnut Limited Partnership, plaintiff Federated Department Stores, Inc. (taxpayer), was liable for the 1974 real estate taxes on the property located at the northwest corner of Pearson and Michigan, Chicago, and identified by permanent index No. 17-03-225-024. The 1973 assessed valuation of this parcel was $2,104,586 and the total tax was $265,332.38. In conformity with section 224.1 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 705.1), the collector sent taxpayer a bill for the first installment of 1974 real estate taxes in the amount of $132,666.19 or one-half of the 1973 taxes. In its complaint taxpayer represented that on January 6, 1975, before receiving the first installment, it received a 1974 "Real Estate Assessed Valuation Revision" lowering the 1974 assessed value to $1,540,075. Taxpayer offered no documentary evidence establishing when it was notified of this revision. Taxpayer recomputed its 1974 real estate taxes on the basis of the reduced assessment and, on March 3, 1975, the extended due date, paid $97,080.64, or approximately 51% of the total tax for 1974. The collector billed taxpayer $59,804.70 for the second installment of 1974 taxes. When taxpayer attempted to remit the balance of the total taxes due, $95,390.25, the collector insisted upon payment of an additional $2,490.98 as statutory interest (Ill. Rev. Stat. 1973, ch. 120, par. 705) on the unpaid balance of the first installment of $35,585.55.

Taxpayer paid the interest under protest and filed suit against the collector praying for a "refund of the penalty imposed for alleged underpayment of the first installment of the 1974 real estate tax for parcel #17-03-225-024 in the amount of $2,490.98." Cross motions for summary judgment were filed. Subsequently the trial court granted summary judgment for defendant, denied summary judgment for plaintiffs and entered judgment in defendant's favor.

On appeal the taxpayer argues that the trial court erred in denying its motion for summary judgment because the interaction of sections 224 and 224.1 of the Revenue Act of 1939, as applied to taxpayer, results in a denial of equal protection. Taxpayer argues in the alternative that the trial court erred in granting the collector's motion for summary judgment because there was a "genuine issue of material fact: i.e. whether there was a

rational basis for the different treatment of classes of taxpayers." The collector responds that the constitutionality of sections 224 and 224.1 was neither raised by the parties below nor was it addressed by the trial court. According to the collector, the only question before the trial court was whether in assessing an interest penalty against taxpayer the collector properly followed the requirements of the Revenue Act of 1939. Since there is no dispute that he did, the collector concludes that he was entitled to summary judgment. Even assuming that a constitutional issue was raised, the collector maintains that the trial court appropriately entered summary judgment in his favor.

Section 224.1 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 705.1) provides in pertinent part that the first installment of real estate taxes on estimated bills shall be computed at 50% of the total of each real estate tax bill for the preceding year. Under section 224 (Ill. Rev. Stat. 1973, ch. 120, par. 705), "* * * the estimated first installment of unpaid taxes on real estate * * * shall be deemed delinquent and shall bear interest after the first day of March annually at the rate of 1% per month until paid or forfeited * * *."

Taxpayer asserts that these provisions of the Revenue Act of 1939 have the effect of discriminating against those taxpayers, including plaintiff, whose assessments are lowered since the last regular tax billing period by requiring them to pay 50% of "an irrelevant, outdated assessment figure" and subjecting those taxpayers who fail to pay 50% to interest penalties. Taxpayer asserts further that the provisions as applied, also discriminate against the class of taxpayers who pay 50% of the current year's actual tax liability in favor of the class of taxpayers who pay 50% of the previous year's actual tax liability.[1] The collector disputes whether any such constitutional issue was actually raised.

■■ Taxpayer's amended motion for summary judgment was addressed only to the issue of whether taxpayer had properly and legally calculated the amount it would pay as its first installment on the real estate bill. The motion did not challenge the constitutionality of any statute. The propriety of the trial court's order denying taxpayer's motion for summary judgment cannot be attacked on grounds not presented to the trial court. *Stando v. Grossinger Motor Sales, Inc.* (1980), 89 Ill. App. 3d 898, 900, 412 N.E.2d 600.

We turn, therefore, to a consideration of the trial court's granting of the collector's motion for summary judgment. A motion for summary judgment does not try an issue of fact but tests whether one exists. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497.) Taxpayer contends that there were genuine issues of fact and specifically

---

[1] The facial validity of section 224.1 was upheld in *Fox v. Rosewell* (1977), 55 Ill. App. 3d 860, 371 N.E.2d 287.

cites the issue of whether there is a rational basis for the classification in the statute.

■■ In paragraph 6(b) of the amended complaint, taxpayer claims that "[t]he statutory provision [which is not identified] is unconstitutional because it prescribes different and unequal treatment for some owners of real estate without any rational basis therefore." The fact that an issue is vaguely stated in the pleadings does not preclude the entry of summary judgment where there is no really disputed material fact, or only conclusions and not disputed facts, are asserted by a party. (*Anderson v. Panozzo* (1979), 71 Ill. App. 3d 19, 20, 389 N.E.2d 12; *Lesnik v. Estate of Lesnik* (1980), 82 Ill. App. 3d 1102, 1106, 403 N.E.2d 683.) In its amended complaint taxpayer did not ask for a declaration that a statute was unconstitutional on its face or as applied, the trial court made no specific finding as to the constitutionality of any statute, and taxpayer requested none. Taxpayer cannot now argue constitutional questions which it did not give the trial court an opportunity to consider. *Steven v. Falese Land Co.* (1977), 50 Ill. App. 3d 231, 246, 365 N.E.2d 967.

■■ The taxpayer, however, claims that the rational basis for the classification is discussed and argued in various memoranda and motions filed by the parties. Plaintiffs' memorandum in opposition to defendant's motion for summary judgment does not specifically attack the constitutionality of any statute but merely questions the proper application of the interest penalty provisions of the Revenue Act. The collector's motion for summary judgment does not argue the constitutionality of section 224.1 of the Revenue Act of 1939. The motion asserts only that the collector complied with the statute. In the collector's memorandum in support of his motion for summary judgment and in opposition to plaintiffs' motion for summary judgment the rational basis for the classification is not argued. In his memorandum the collector simply questions the taxpayer's interpretation of the Revenue Act of 1939. At page 4 of the memo the collector asserts that all owners of property are treated the same under the statute.

■■ Based on the record before us we conclude that the taxpayer failed to raise in the trial court an actual issue regarding the constitutionality of sections 224 and 224.1 of the Revenue Act. The real thrust of plaintiff's complaint was that the collector had misapplied the interest penalty provisions of section 224 to the taxpayer. Since there is no question that the collector did comply with the statutory requirements, we hold that the trial court properly entered summary judgment for the collector and denied summary judgment for the taxpayer.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

DOWNING and HARTMAN, JJ., concur.