THE TOWN OF AVON, Plaintiff-Appellee, v. NORMAN G. GEARY, Defendant-Appellant.

Second District   No. 2—91—0504

Opinion filed December 31, 1991.

Warren G. Fox, of Ori, Fox & Associates, of Waukegan, for appellant.

Rudolph F. Magna, Jr., of Magna & Hauser, of Gurnee, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The plaintiff, the Town of Avon, filed a two-count amended complaint in the circuit court of Lake County against the defendant, Norman G. Geary. Count I sought reimbursement from the defendant for money he received while a township supervisor which allegedly constituted an unconstitutional increase in his salary. Count II sought a declaratory judgment as to the asserted claim of the defendant to such a salary increase, as to whether the payments made to the defendant were lawful and as to whether such payments were recoverable from the defendant. The trial court denied the defendant's motion for sum-

mary judgment and entered summary judgment in favor of the plaintiff in the amount of $12,700.

The defendant raises the following issues on appeal: (1) whether the trial court erred in finding that the payment of the township trustee salary to the defendant violated certain portions of the Township Law of 1874 (Act) (Ill. Rev. Stat. 1989, ch. 139, par. 0.1 *et seq.*); (2) whether the trial court erred in finding that the plaintiff was granted a salary increase within the meaning of article VII, section 9(b), of the Illinois Constitution of 1970; (3) whether the trial court erred in finding the principle of voluntary payments inapplicable; (4) whether the trial court erred in failing to grant summary judgment in favor of the defendant; and (5) whether the trial court erred in granting summary judgment in favor of the plaintiff.

The facts relevant to this appeal are as follows. On March 9, 1990, the plaintiff filed its initial two-count complaint seeking reimbursement of monies paid to the defendant while he was township supervisor of Avon township and asking for a declaratory judgment. Following the trial court's order striking certain portions of the complaint, the plaintiff filed its two-count amended complaint.

The amended complaint also sought reimbursement of monies paid to the defendant as township supervisor and asked for declaratory relief. Specifically, the complaint alleges that the defendant was the township supervisor from April 1977 to April 1989. It further alleges that the offices of township supervisor and township trustee are separate and distinct from one another. The complaint also sets forth the respective salaries for supervisor and trustee which were established for each of the fiscal years from 1977 to 1989. Additionally, it is alleged that the salaries were approved prior to the elections for the offices of supervisor and trustee. It is further alleged that the defendant, as township supervisor, received the salary designated for that position as well as the salary designated for the position of trustee. The complaint asserts that the defendant received compensation from the plaintiff in excess of that provided by law in that he: (1) received more salary for holding the office of supervisor than permitted by the salary meetings of the town board and (2) received the trustee salary when he was not elected to the office of trustee. Thus, the complaint alleges that the defendant was compensated during his terms in office in excess of the amounts provided for township supervisor in violation of article VII, section 9(b), of the Illinois Constitution of 1970.

The amended complaint also includes, as exhibits, copies of the minutes of various township board meetings which establish that the salaries for the township supervisor and the trustees were set prior to

the election of the defendant for any given year. Those minutes are devoid of any indication as to whether the township board ever approved or authorized the defendant receiving the trustee salary or when it made such approval or authorization.

The defendant moved for summary judgment, arguing that it was lawful for him to receive a salary both as a supervisor and as a trustee and that both salaries were established by the township board prior to his election. Furthermore, he maintained that any error on the part of the township board in paying him a trustee salary was a mistake of law and therefore not recoverable by the plaintiff.

The defendant submitted his affidavit with his motion for summary judgment. The affidavit states that the salaries for the offices of township supervisor and township trustee were set prior to the election for the particular offices. The affidavit further asserts that the defendant received a salary for both offices and that the township board approved the defendant receiving both salaries. The affidavit is silent as to how and when such approval took place.

The trial court denied defendant's motion for summary judgment, ruling that he was not entitled to a salary as a township trustee and that such payments were *ultra vires* and recoverable by the plaintiff. The court also denied his motion for reconsideration.

The plaintiff then filed its motion for summary judgment in which it maintained that the defendant was only entitled to the salary for township supervisor and therefore his receipt of a salary for township trustee constituted an increase in his salary in violation of article VII, section 9(b), of the Illinois Constitution of 1970. The plaintiff further argued that the payment of the trustee salary to the defendant was *ultra vires* and therefore recoverable.

The defendant responded to the plaintiff's motion for summary judgment by asserting that prior to his election the township board set a bifurcated salary schedule for the office of township supervisor. He further posited that such a bifurcated salary was within the authority of the township board pursuant to section 13—17 of the Act (Ill. Rev. Stat. 1989, ch. 139, par. 126.7). Finally, he maintained that the increase in his salary, by virtue of his receiving the additional trustee salary, occurred prior to his election and was therefore not rendered invalid as arising during the term of his office.

The trial court granted the plaintiff's motion for summary judgment. In so ruling, the court found that the offices of supervisor and trustee are separate and distinct and are to be compensated separately. The court further found that the defendant's receiving of both salaries during his term of office violated both article VII, section

9(b), of the Illinois Constitution of 1970 and section 13—17 of the Act (Ill. Rev. Stat. 1989, ch. 139, par. 126.7). The court ruled that the trustee's salary received by the defendant was in addition to that authorized by law for the office of supervisor and was thus recoverable. The court entered summary judgment in favor of the plaintiff in the amount of $12,700.

The defendant raises the following contentions on appeal. First, he argues that there is no statutory limit to the level of the township supervisor's salary or the structure of that salary so long as such salary is established prior to the supervisor's election. Second, he maintains that because the board determined the bifurcated salary structure prior to his election, there was no unconstitutional increase in his salary during his term of office. Finally, the defendant asserts that the principle of voluntary payments applies to salaries paid to municipal employees absent an allegation of fraud, undue influence or mistake of fact.

The plaintiff responds that the fact that the salaries for the offices of supervisor and trustee were set separately combined with the fact that the defendant received both salaries constitutes an unconstitutional increase in the defendant's salary during his term of office. The plaintiff further maintains that the defendant could only receive that salary established for the supervisor's office as there was no public information concerning his salary beyond that of the township meeting minutes indicating what the salary for the supervisor would be. Lastly, the plaintiff contends that because the payments of the trustee's salary to the defendant were constitutionally prohibited those payments were void *ab initio* and thus recoverable by the plaintiff.

We first address the issue of whether the trial court properly granted summary judgment in favor of the plaintiff. While summary judgment is to be encouraged in the interest of the prompt disposition of lawsuits, it is a drastic measure which should be allowed only when the moving party's right to it is clear and free from doubt. (*Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358.) If a plaintiff fails to establish an element of the cause of action, from the papers on file, summary judgment for the defendant is proper. (*Pyne*, 129 Ill. 2d at 358.) The right to summary judgment must be clear beyond question, and the reviewing court must reverse an order granting summary judgment if the court determines either that there exists a question of material fact or that judgment for the movant was incorrect as a matter of law. (*United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1989), 193 Ill. App. 3d 1087, 1092.) The granting of a motion for

summary judgment is not discretionary (*Derby Meadows Utility Co. v. Inter-Continental Real Estate* (1990), 202 Ill. App. 3d 345, 354), and the proper standard of review is *de novo* (*Demos v. National Bank of Greece* (1991), 209 Ill. App. 3d 655, 659-60).

■ Guided by these principles, we address the propriety of the entry of summary judgment in this case in favor of the plaintiff. We begin by referring to article VII, section 9(b), which states:

"An increase or decrease in the salary of an elected officer of any unit of local government shall not take effect during the term for which that officer is elected." Ill. Const. 1970, art. VII, §9(b),

Any action by the local governmental entity to reduce or increase the salary of an elected officer during the term of that officer shall be an invalid action. (*DeSutter v. South Moline Township Board* (1983), 96 Ill. 2d 372, 376.) It is quite clear under the plain language of article VII, section 9(b), and those cases interpreting that language that a party challenging the action of a local governmental entity setting the salary for one of its elected officers must establish that there was an action by that local governmental entity. It is equally evident that for a party challenging such action to prevail on a motion for summary judgment, it must establish, based on the pleadings, depositions, admissions, exhibits and affidavits, if any, that the action occurred during the term of the elected official. *Cf. Hume v. Town of Blackberry* (1985), 131 Ill. App. 3d 32, 35-36 (dismissal of complaint improper where no evidence introduced establishing whether certain allowances to township officers intended to be compensation).

In the present case, the plaintiff's complaint contains no specific factual allegations as to when the township board took action establishing that the defendant was to be paid both the supervisor's salary and the trustee's salary. Nor do any of the exhibits attached to the complaint suggest when such action occurred. Likewise, there is nothing contained in any of the admissions, the affidavit on file or the defendant's pleadings which establishes when the township board took such action. The plaintiff must at the very least set forth some factual basis that the township board took action during the defendant's term of office that resulted in the defendant receiving two salaries to prevail under its alleged violation of article VII, section 9(b), of the Illinois Constitution of 1970.

The fact that the township board established separate salaries for the offices of supervisor and trustee, without more, does not demonstrate, directly or circumstantially, that any action occurred during the defendant's term of office. Furthermore, the fact that the defend-

ant received both salaries does nothing to establish that the township board took action during his term which resulted in his receiving both salaries.

■ Plaintiff does not suggest, nor do we find any authority for the proposition, that the mere fact that defendant received both salaries contravened article VII, section 9(b), of our State constitution. We also point out that all of the cases relied on by the plaintiff in support of its contention that a constitutional violation occurred here concerned governmental action that not only affected the level of an elected official's salary but that also took place during the elected official's term of office. We also cannot accept the plaintiff's argument that, because the defendant received payment for the trustee's salary during his term of office, there was an unconstitutional increase in his salary. If we were to accept such a premise, then we would call into constitutional question the salaries of all elected officials of local government as they all necessarily receive their salaries only after they have taken office. The improvidence of such a proposition is self-evident.

Because the pleadings, exhibits, admissions and affidavits do not establish, directly or circumstantially, that the township board acted *during* the defendant's term to increase his salary, a necessary element of the plaintiff's case is lacking. Therefore, the plaintiff is not entitled to judgment as a matter of law at this stage of the proceedings.

■ We next address the propriety of the trial court's denial of the defendant's motion for summary judgment. Just as in the case of the plaintiff, we are unable to ascertain from this record any suggestion that the township acted to authorize the defendant receiving the salaries for both supervisor and trustee before he was elected. Had the defendant submitted some form of evidence before the trial court which, if unrebutted, would have shown that the township board had authorized or approved that he receive both salaries *prior* to his election, then he would have affirmatively established that no violation of article VII, section 9(b), occurred. While his affidavit states that the township board approved his receiving both salaries, it is silent as to the nature of such approval or as to when such approval occurred. Absent any such evidence, the defendant is also not entitled to judgment as a matter of law. Consequently, we affirm the denial of the defendant's motion for summary judgment.

For the foregoing reasons, we affirm the denial of the defendant's motion for summary judgment, reverse the granting of summary

judgment in favor of the plaintiff, and remand the cause for further proceedings.

Affirmed in part; reversed in part and remanded.

REINHARD, P.J., and UNVERZAGT, J., concur.