JAMES P. RICHTER, Plaintiff-Appellant, v. BURTON INVESTMENT PROPERTIES, INC., Defendant-Appellee.

Second District   No. 2—92—0159

Opinion filed February 19, 1993.

Herbert Hill, of Aurora, for appellant.

Craig S. Mielke and Timothy D. O'Neil, both of Murphy, Hupp, Foote, Mielke & Kinnally, of Aurora, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, James P. Richter, appeals the order of the circuit court which granted summary judgment in favor of defendant, Burton Investment Properties, Inc. The sole issue for review is whether the trial court erred in entering summary judgment for defendant, the landowner, when plaintiff slipped and fell in defendant's building.

In February 1989, plaintiff, while delivering mail, slipped and fell on water in the entryway of a building in the Lorlynn Apartment Complex. Plaintiff filed suit and, *inter alia*, made the following allegations:

"That at the time and place aforesaid, Defendant provided, managed and maintained a ceramic tile covering to said foyer which it waxed, buffed and/or otherwise maintained in an excessively slippery condition and provided safety mats therein for the protection and safety of persons entering said building.

That at the time and place aforesaid, and for some time prior thereto, defendant knew or in the exercise of reasonable care, should have known of the slippery condition in which it maintained said flooring and furthermore, in the exercise of reasonable care, should have known that said flooring would become even more hazardous when wet (either from a natural or unnatural accumulation of water).

* * *

Carelessly, negligently and improperly allowed an excessively slippery condition to remain on said floor, when the Defendant knew, or in the exercise of ordinary care, should have known that the excessively slippery condition was present on the floor and presented a dangerous condition to the use of that floor by the Plaintiff and other invitees[.]

***

Carelessly and negligently installed a ceramic tile flooring that was inordinately slippery and made slipperier by its waxing, washing or buffing and that created an unreasonable and unsafe condition which would be exacerbated when wet; that Defendant knew of such condition and flooring and knew it would likely cause injuries to others, including Plaintiff."

Plaintiff further alleged that he fell because of an accumulation of oil, wax and water on the floor.

Defendant filed a motion for summary judgment in which it argued that the water on which plaintiff fell was a natural accumulation of tracked-in melted snow. According to defendant, it did not have a duty, as a matter of law, to remove the natural accumulation.

Defendant deposed plaintiff, who stated that there was snow on the steps and the landing of building No. 1005. The sidewalk had been cleared, but snow had blown back onto it. The entrance door had "fogged glass" through which plaintiff could not see. Plaintiff opened the door, stepped across the threshold, and, when his foot hit the tile floor, he slipped and fell. After plaintiff fell, he noticed moisture on the floor. Plaintiff did not see any water dripping, so he assumed that the moisture was the result of tracked-in snow which had melted. Plaintiff also discussed the condition of the ceramic tile foyer when dry:

"Q. All right.

Now, going back to the day that you fell at the apartment complex, was there any defect in the floor itself where you fell?

A. Inside?

Q. Inside.

A. Other than the fact that it was slipperier than hell, no.

Q. It was slippery because of the water?

A. The water made it twice as slippery, but the ceramic tile in the foyer is the wrong surface for the foyer. Even on a normal day the ceramic tile in there is slippery ***."

Defendant also submitted a portion of the deposition of James Traversa, plaintiff's supervisor. Traversa went to building No. 1005 shortly after plaintiff fell. According to Traversa, there was no mat in the foyer. He did not see any puddle on the floor, but the floor was damp, "like if you walked in weather and then walked in through down the hallway and you left water spots." Traversa did not notice any defects in the floor or hallway.

Relying on *Shoemaker v. Rush-Presbyterian-St. Luke's Medical Center* (1989), 187 Ill. App. 3d 1040, the trial court granted summary judgment for defendant. Plaintiff timely appealed.

Plaintiff contends that the trial court erred in entering summary judgment for defendant. He does not dispute that the water that was tracked on the floor was partially responsible for his fall. However, plaintiff argues that the naturally slippery condition of the tile foyer was the unsafe condition that was exacerbated by the water. As there is a genuine issue of fact concerning the naturally slippery condition of the foyer, which was made more slippery by water, plaintiff argues that summary judgment was improper.

■ A trial court should grant summary judgment only when the pleadings, depositions, affidavits and admissions show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) The court should construe the evidence strictly against the movant and liberally in favor of the opponent. (*Purtill*, 111 Ill. 2d at 240.) A court may draw inferences from undisputed facts, and if reasonable persons could draw different inferences, an issue of fact exists. (*Loyola Academy v. S & S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 272.) Although a plaintiff need not prove his case at the summary judgment stage, he must present some facts to show that the accumulation of water, snow or ice was unnatural or caused by the defendant. *Crane v. Triangle Plaza, Inc.* (1992), 228 Ill. App. 3d 325, 332.

■ A property owner has the duty to provide a reasonable means of ingress and egress from its premises, "and this duty is not abrogated by the presence of a natural accumulation of ice, snow, or water." (*Branson v. R & L Investment, Inc.* (1990), 196 Ill. App. 3d 1088, 1092.) When the landowner prescribes a means of ingress and egress, it has a duty to illuminate properly and give adequate warning of a known, dangerous condition, or it must repair the condition. *Branson*, 196 Ill. App. 3d at 1092.

Plaintiff relies primarily on *Fanning v. LeMay* (1966), 78 Ill. App. 2d 166, *rev'd on other grounds* (1967), 38 Ill. 2d 209. In *Fanning*, the plaintiff fell on the wet asphalt tile in the defendants' laundromat. The plaintiff alleged that the defendants were negligent in failing to furnish a mat for customers to wipe their shoes and in failing to warn the plaintiff that the floor was slippery when wet. The trial court dismissed the complaint with prejudice. The appellate court determined that the plaintiff's complaint stated a cause of action for negligence because the plaintiff alleged that defendant knew, or should have known, that the asphalt tile, when wet, became very slippery and dangerous. *Fanning*, 78 Ill. App. 2d at 173.

Defendant argues that *Fanning* does not support plaintiff's contention because *Fanning* concerned the sufficiency of the pleadings. In addition, defendant questions *Fanning*'s viability and speculates what the supreme court would have done had the landowner sought review of the negligence claim against it.

First, we decline to speculate about what the supreme court would have decided regarding the landowner's negligence. The court was asked to rule only on the product liability counts against the manufacturer and the retailer of the plaintiff's shoes. (*Fanning v. LeMay* (1967), 38 Ill. 2d 209, 210.) Nothing in the supreme court opinion indicates that the court would have reversed the appellate court's ruling that the plaintiff's pleading stated a cause of action against the landlord.

However, we believe that *Fanning* is limited by the difference in procedural posture. At the summary judgment stage, the mere allegations in the pleadings are not enough to create a material issue of fact. (See *Michigan-Chestnut Limited Partnership v. Rosewell* (1982), 104 Ill. App. 3d 249, 252 (the fact that an issue is stated in the pleadings does not preclude the entry of summary judgment where there is no disputed material fact, but only conclusions asserted by that party).) A plaintiff must present evidence through depositions, affidavits and admissions to support the allegations. The holding in *Fan-*

*ning* is that, *under the pleadings*, the plaintiff could prove her cause of action. *Fanning*, 78 Ill. 2d at 173.

Moreover, the *Fanning* court's reliance on the supreme court's opinion in *Sommese v. Maling Brothers, Inc.* (1966), 36 Ill. 2d 263, does not change our finding. The plaintiff there fell in the entryway of the defendant's store. The entryway floor was terrazzo that did not have an abrasive in it, which made the floor very slippery and hazardous when wet. The jury returned a verdict in favor of the plaintiff, and the defendant appealed, arguing that the court should have directed a verdict for the defendant. The supreme court disagreed, saying:

> "[I]t was a jury question as to whether the defendant knew or should have known that the material used in the composition of the floor, upon becoming wet and damp, became very slippery and dangerous ***. It is this feature of the condition of an outside terrazo [*sic*] floor which distinguishes this case from those cases in which recovery has been denied as a result of slipping and falling on a wet floor." *Sommese*, 36 Ill. 2d at 266.

██ *Sommese* is distinguishable on a point that reaches the heart of our discussion on summary judgment. There, the plaintiff provided an expert witness who testified that a terrazzo floor, upon becoming wet, is very slippery and hazardous without an abrasive material on it. (*Sommese*, 36 Ill. 2d at 265.) This testimony comports with the law that liability may be imposed on the landlord if a walking surface becomes unreasonably dangerous because of the nature of its construction or the materials used to construct it. *Selby v. Danville Pepsi-Cola Bottling Co.* (1988), 169 Ill. App. 3d 427, 436.

██ Here, although plaintiff is not required to prove his case at this stage, he has the duty to present facts to support his cause of action and to avoid defendant's motion for summary judgment. (*Carter v. Dunlop* (1985), 138 Ill. App. 3d 58, 69.) Plaintiff has not presented any evidentiary facts to support his allegations that defendant either installed unreasonably slippery ceramic tile or maintained it in an excessively slippery condition.

Plaintiff points us to his deposition in which he testified that the ceramic tile in the foyer was the wrong surface for the foyer and it was slippery even on a normal day. This bald conclusion is not an evidentiary fact that creates a material issue of fact concerning the construction or maintenance of the foyer. Plaintiff had to present evidence detailing why the foyer was excessively slippery. For instance, a custodian of the building could have explained how often the foyer was waxed and buffed. A building contractor could have testified

whether the ceramic tile used in the building was reasonably safe or excessively slippery. Even plaintiff could have detailed the factual basis for his conclusion that the foyer was too slippery.

We believe this case is analogous factually to *Branson* (196 Ill. App. 3d 1088). There, a mail carrier slipped and fell on an entryway ramp to a laundromat. (*Branson*, 196 Ill. App. 3d at 1089-90.) Summary judgment was affirmed on appeal, in part, because the plaintiff presented no evidence that the ramp was negligently designed. (*Branson*, 196 Ill. App. 3d at 1092.) Here, summary judgment is proper because plaintiff has not introduced evidence to support the allegation that the entryway of the apartment building was negligently constructed.

Moreover, plaintiff misunderstood his duty to present evidentiary facts. During the hearing on defendant's motion for summary judgment, plaintiff's counsel stated:

"And all the case law that talks about water accumulating on the landlord's property says that there is a basis for liability if the landlord allows that situation to become exacerbated.

That is exactly what we have plead [*sic*]. I do not believe that there has been any effort on behalf of the defendant to take a deposition of anyone other than the plaintiff about the condition of that floor, and I think there is a sufficient basis for it."

Further, there is no indication from the hearing that plaintiff was going to depose anyone else about the condition of the foyer:

"We have no disclosure from the plaintiff of any experts they have retained as to say what this tile is about, and when you wax it, buff it or whatever, even if there was, why it makes it excessively slippery."

Plaintiff failed to provide some factual basis that arguably would entitle him to judgment. (See *Uehara v. Schlade* (1992), 236 Ill. App. 3d 252, 259.) There was no factual basis to support his allegation that defendant either installed a ceramic tile floor that was unreasonably slippery or maintained the floor in an unreasonable manner. Thus, we hold that summary judgment was proper.

██ Finally, plaintiff alludes to two other allegations made in the pleading that we feel the need to address. First, plaintiff claims that defendant's placement of mats on the foyer is evidence that it knew the floor was excessively slippery. We believe *Lohan v. Walgreens Co.* (1986), 140 Ill. App. 3d 171, 175, is instructive:

"Plaintiff contends that a duty to her arose from defendants' prior voluntary undertaking to lay down additional safety mats

when the floor was wet. But where the accumulation is a natural one there is no duty to continue a voluntary undertaking to remove it [citation], nor is there any liability even where the owner may be charged with knowledge that the accumulation caused a dangerous condition."

Second, plaintiff argues that there is an issue of fact concerning defendant's intentional refusal to remove snow and/or ice from the sidewalks, establishing defendant's willful and wanton conduct pursuant to section 2 of the Snow and Ice Removal Act (Ill. Rev. Stat. 1989, ch. 70, par. 202). We reject this argument summarily as there were no evidentiary facts presented to support the allegation that defendant's conduct was willful and wanton.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

BOWMAN and DOYLE, JJ., concur.