WISEMAN-HUGHES ENTERPRISES, INC., Plaintiff-Appellant, v. DAVID P. REGER *et al.*, Defendants-Appellees.

Second District   No. 2—92—1001

Opinion filed August 5, 1993.

R. Terence Kalina, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellant.

James R. Edwards, of Edwards, Jordan & O'Connor, of Aurora, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Wiseman-Hughes Enterprises, Inc., appeals from an order entering summary judgment in favor of David P. Reger and four other similarly situated defendants on all nine counts of its complaint and denying its motion for summary judgment. We affirm.

Plaintiff corporation is a real estate developer and owner of certain real property commonly known as Timber Oaks, Unit II, located in the County of Kane, Illinois. Pursuant to an annexation agreement dated May 8, 1989, and recorded at the Kane County recorder's office on September 25, 1989, Timber Oaks, Unit II, was annexed into the Village of North Aurora.

Plaintiff constructed a sanitary sewer line on its property in August 1990. In September 1990, plaintiff redesigned its engineering plans to extend the existing sanitary sewer lines to property adjacent to Timber Oaks, Unit II. The plans extended the existing sewers to allow the adjacent properties to connect to the sanitary sewer constructed in Timber Oaks, Unit II, at the rear of their lots by crossing a lot line onto plaintiff's property. On December 10,

1990, the Village of North Aurora and plaintiff entered into a recapture agreement where plaintiff agreed to dedicate the sanitary sewer extensions to the village and the village agreed to collect a recapture expense from the owners of the properties benefited by the extension and reimburse plaintiff for the construction costs. The sewer had not been dedicated to the village at the time the case was heard in the trial court.

Defendants are the owners of various lots in the Hilltop Estates subdivision, adjacent to Timber Oaks, Unit II, which were benefited by the sanitary sewer extension. Their property is not part of the Timber Ridge subdivision and is not located in the Village of North Aurora. In October 1990, defendants petitioned the Aurora Sanitary District to annex their property into the jurisdictional boundaries of the district. The petition was granted, and an ordinance was adopted on October 17, 1990, accepting defendants' property into the district. Prior to execution of the recapture agreement, the Aurora Sanitary District issued permits to defendants authorizing them to connect to the sanitary sewer lines for a fee.

Defendants have refused to compensate plaintiff for the extension of the sanitary sewer line. The total cost for the extension was $40,792.23. Plaintiff seeks the pro-rated cost of $1,942.48 from each lot owner by asserting that defendants' actions in connecting and using the sewer line without permission constitute a trespass, result in unjust enrichment, and violate the recapture agreement entered into between the Village of North Aurora and plaintiff on December 10, 1990.

On May 14, 1992, plaintiff filed a motion for summary judgment asserting there was no genuine issue that defendants' actions in connecting the sewer lines to their property constitute a trespass, that defendants were unjustly enriched by utilizing the extension without paying the construction costs, and that plaintiff was entitled to collect the construction costs against defendants pursuant to the terms of the recapture agreement and section 9—5—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 9—5—1 (now codified, as amended, at 65 ILCS 5/9—5—1 (West 1992))). Defendants responded by filing a cross-motion for summary judgment. Defendants' motion asserted that they were given permission to connect the sewer by receiving a permit from the Aurora Sanitary District. Defendants' motion further asserted that section 9—5—1 of the Illinois Municipal Code allows recapture fees to be collected prior to the connection and use of the facilities. (Ill. Rev. Stat. 1989, ch. 24, par. 9—5—1 (now codified, as amended, at 65 ILCS 5/

9—5—1 (West 1992)).) Since defendants have already connected the sewers, they contend that no fees are due and owing. After a hearing, the court entered summary judgment in favor of defendants on all counts of the complaint. Plaintiff's motion for summary judgment was denied, and this appeal followed.

■ Initially, we note that defendants have filed a response brief consisting of a prayer for relief seeking affirmance in four sentences. This brief does not comply with Supreme Court Rule 341(f), which requires the appellee to provide an argument containing an explanation of the contentions on appeal with citation to authority and pages of the record relied upon. (134 Ill. 2d R. 341(f).) The rule states that "[p]oints not argued are waived and shall not be raised in *** oral argument, or on petition for rehearing." (134 Ill. 2d R. 341(e)(7).) Since no argument has been asserted by defendants, we will consider this appeal as if defendants have not filed a brief at all. However, since the record is simple and the claimed errors are such that the court can easily decide them without the aid of defendants' brief, we will address the merits of plaintiff's contentions pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

On appeal, plaintiff contends that the court erred in entering summary judgment in favor of defendants on all counts of its complaint. The purpose of summary judgment is to determine if a triable issue exists. (*Frye v. Medicare-Glaser Corp.* (1992), 153 Ill. 2d 26, 31.) Therefore, a movant need not prove its case at the summary judgment stage. The movant need only present some evidence in support of the motion. (*Richter v. Burton Investment Properties, Inc.* (1993), 240 Ill. App. 3d 998, 1001.) Summary judgment should be granted only when the pleadings, depositions, and admissions on file, together with the affidavits presented, show that there is no genuine issue of material fact such that the movant's right to judgment is clear as a matter of law. (735 ILCS 5/2—1005 (West 1992); *Aetna Casualty & Surety Co. v. James J. Benes & Associates, Inc.* (1992), 229 Ill. App. 3d 413, 416.) The trial court is not vested with discretion when ruling on a motion for summary judgment. The standard of review is *de novo*, and the appellate court determines whether the trial court's ruling was correct by considering anew the facts and law related to the case. *Mendelson v. Ben A. Borenstein & Co.* (1992), 240 Ill. App. 3d 605, 616; *Town of Avon v. Geary* (1991), 223 Ill. App. 3d 294, 299.

In this case, the trial court entered summary judgment in favor of defendants, ordered that "plaintiff have and recover nothing

from any defendant," and denied plaintiff's motion for summary judgment. These rulings were made without entering specific findings of fact. Nevertheless, this court can affirm the decision of the circuit court on any grounds supported by the record regardless of whether the circuit court relied on those grounds or whether its reasoning was correct. *Beckman v. Freeman United Coal Mining Co.* (1988), 123 Ill. 2d 281, 286.

Pursuant to the terms of the recapture agreement between the Village of North Aurora and plaintiff, the plaintiff agreed to dedicate the extensions of the sanitary sewer lines to the village. In return, the village agreed to assess and collect a recapture expense from the owners of the benefited property and reimburse plaintiff for the construction costs of the extension. The agreement provided that the owners of the benefited property would not be issued a connection permit *from the village* until each owner of the benefited property "has fully paid its proportionate share of the recapture expense."

■ It is undisputed that the recapture agreement was executed subsequent to the time defendants connected to the sanitary sewer lines. It is further undisputed that the extensions to the sanitary sewer had not been dedicated to the village at the time the case was heard in the trial court. Therefore, the terms of the recapture agreement obligating the village to collect a recapture expense from the owners of the benefited property were not in effect at the time defendants connected to the sanitary sewer.

We do not deny that a plaintiff may be entitled to recover the costs for construction of the extension. We do find, as a matter of law, that this plaintiff is not entitled to recover the *pro rata* costs of construction from defendants by asserting defendants have trespassed, were unjustly enriched, or pursuant to the recapture agreement and section 9—5—1 of the Illinois Municipal Code. When plaintiff executed the recapture agreement, it assigned its right to collect the recapture expense from the owners of the benefited property to the Village of North Aurora. In turn, the Village of North Aurora agreed to assess a connection charge against the owners of the benefited property and to reimburse plaintiff for the construction expenses after it collected the fee. The damages plaintiff seeks to collect, the *pro rata* share of the costs of construction of the extension from each lot owner, may not be awarded on the theories alleged in plaintiff's complaint. The pleadings, depositions, and admissions on file, together with the affidavits presented, show that there is no genuine issue of material fact. As a matter of law,

this plaintiff is not entitled to the damages it seeks on the theories alleged in its complaint.

For these reasons, we affirm the judgment of the circuit court of Kane County.

Affirmed.

BOWMAN and DOYLE, JJ., concur.